## John Stevens *versus* Alexander Fassett, Jr.

The certificate of a majority of the superintending school committee of the town, produced by the schoolmaster, to the agent employing him, is a valid certificate, under the provisions of Rev. Stat. c. 17, although that majority did not act together in the examination.

If one over twenty-one years of age, voluntarily attends a town school, and is received as a scholar by the instructor, he has the same rights and duties, and is under the same restrictions and liabilities, as if within the age of twenty-one years.

When a scholar in school hours, intrudes himself into the desk assigned to the instructor, and refuses to leave it, on the request of the master, such scholar may be lawfully removed by the master; and for that purpose he may immediately use such force, and call to his assistance such aid from any other person, as is necessary to accomplish the object, without the direction or knowledge of the superintending school committee.

Where a jury have been empannelled, in a criminal proceeding, and have rendered a verdict of acquittal, and judgment has been rendered thereon, although there was no evidence introduced against the accused, he cannot again be put on trial for the same offence.

And where the proceedings are upon a complaint and warrant, before a justice of the peace, in a matter where he has final jurisdiction, and where the accused has been arraigned, tried and discharged, as not guilty, and judgment has been entered thereon, he cannot again be put upon trial under another similar complaint and warrant, for the same offence.

Stevens v. Fassett.

In an action to recover damages for a malicious prosecution, the question of probable cause, upon established facts, is a question of law.

If a person with an honest wish to ascertain whether certain facts will authorize a criminal prosecution, and he lays all such facts, before one learned in the law, and solicits his deliberate opinion thereon, and the advice obtained is favorable to the prosecution, which is thereupon commenced, it will certainly go far, in the absence of other facts, to show probable cause, and to negative malice, in an action for malicious prosecution.

But if it appears, that such person withheld material facts, within his knowledge, or which in the exercise of common prudence he might have known, or if it appears, that he was influenced by passion, or a desire to injure the other party, and especially, if he received from another, learned in the law, whose counsel he sought, advice of a contrary character, upon the same question, the opinion which he invokes in his defence ought not to avail him ; and it is well understood that it cannot be a protection.

EXCEPTIONS by the defendant from the district court, GOODENOW J. presiding.

The action was for a malicious prosecution.

The case will be sufficiently understood from the opinion in this Court, the ruling of the Judge in the district court, and requests for instruction by defendant's counsel.

The rulings of the District Judge, and the requests for instruction, by the counsel for the defendant, are thus stated in the exceptions.

" The Court instructed the jury, that it must appear to their satisfaction, that the prosecution complained of by the plaintiff in his writ, was malicious and without probable cause ; that what was probable cause, was a mixed question of law and fact. It was for the jury to determine, whether the facts were proved and for the Court to say, whether they did or did not amount to probable cause ; that in this case, if they found the facts as stated by the witnesses, together with what appeared from the record of the magistrate, in the opinion of the court, the prosecution of the defendant, against the plaintiff, and especially in the last one, before Justice Parker, was without probable cause, even taking all the facts, as true, stated by Calvin Fassett. That as it was a public town school, Calvin Fassett, being over twenty-one years of age, had legally no right to insist upon being a member of the school, but that if

he attended, and put himself under the instruction of the master, he was bound to obey all his reasonable commands, and was not at liberty in school, to set the master's authority at defiance. That he had no right to take and keep possession of the desk of the master, after having been requested or directed to leave it, and that the master had a right to use sufficient force to remove him from it, and for this purpose, might avail himself of the aid of the school agent, or any other person, to enable him to accomplish the object, and that he was not obliged to submit to an interruption of the school, until an examination could be had by the school committee, or until a prosecution could be commenced. And they would consider from the evidence, whether the plaintiff was not then in the school, aiding the master at his request. That the acquittals by the magistrates, were not *prima facie* evidence of a want of probable cause, but that it was incumbent on the plaintiff, to prove the facts affirmatively. That malice might be implied, from a proof of a want of probable cause, but that it might be repelled by other testimony, and that it was competent for the defendant to show that he acted under the advice of counsel, in order to repel the charge of having acted maliciously, if he made a full and fair communication of all the facts in the case, of which he had knowledge, and had the means of knowing, and the advice was given upon a careful examination of the case. In connection with the advice given to the defendant, by Mr. Webster, it would be proper for them to consider the previous advice, given by Mr. Stubbs, on the subject; the circumstances under which it was given; the reasonableness of it; the declaration of the defendant on his return, "as Mr. Stubbs read the law, he was satisfied his brother was in the wrong," and also his statement to Benjamin Allen, and John P. Allen, that he "should not have commenced the prosecution, if Stevens, had paid back the money, $2,50, which he, Calvin, paid at the office of Mr. Stubbs, and that he was fighting Stevens for Calvin, and that Calvin furnished him with money to do it; and that Calvin could earn money, to carry it as far as Stevens could." That a man would be considered legally, as

acting from malice, when he commenced a public prosecution, not from motives of public good, but with an intent to injure and oppress the individual prosecuted, and they were to judge from all the facts in the case, whether the prosecutions, or either of them, were or were not malicious. If upon the facts and the instructions of the court, they found them to have been instituted and carried on without probable cause. The court also instructed the jury, that a certificate signed by two of the superintending school committee, of a committee composed of only three persons, was a legal certificate; and that it need not be signed by the third person, or appear that he was present or notified of the examination of the master, by the others, or that the other two were present together, at the time of the examination, but that it was competent for one member of the committee, to examine and sign the certificate at one time and place, and the other to examine and sign it at another time and place.

At the close of the charge, the Judge was requested to give ten specific instructions, (marked A.) which he declined to do, in the language of the counsel presenting them, because he had already instructed the jury, upon all the points requested, and should consider the law as he had already stated it to them, wherein his instructions differed from those requested; and that the jury should so consider it, without his repeating to them, what he had already stated upon each point; and stated that the record of an acquittal by a magistrate, having jurisdiction of the case, unless fraudulently made, was a bar to another subsequent prosecution, for the same offence. That upon some of the points, his instructions had been directly different from those requested, and in relation to the others, he had given the instructions with qualifications as above stated.

" To all which instructions, denials of instructions, and directions to the jury, the defendant excepts, and in open Court and before the adjournment thereof without day, presents his exceptions in writing to the Court and prays they may be allowed.          " By Webster & Currier, his Att'ys."

" The foregoing exceptions having been duly taken and pre-

sented to the Court, before the adjournment of the Court without day, and being conformable to the truth of the case, are allowed and signed.

"Daniel Goodenow, Just. Dist. Court, W. D."

A

" 1. The Court is requested to instruct the jury that this action cannot be supported, unless the evidence be satisfactory that the defendant knew when he commenced the prosecution, complained of, that no ground existed for the prosecution.

" 2. And also further, it cannot be maintained, unless the evidence be satisfactory, that he acted maliciously, in instituting the prosecution.

" 3. And also, that if the defendant did not withhold any information from his counsel, with the intent to procure an opinion that might operate to shelter and protect him against a suit, but if he, being doubtful of his legal rights, consulted counsel learned in the law, with a view to ascertain them and afterwards pursue the course pointed out by the legal adviser, he is not liable to this action, notwithstanding his counsel may have mistaken the law.

" 4. And also, that if Dexter Merrill was engaged in teaching a district school, and had all the certificates required by the law, and possessed all the requisite legal qualifications, and Calvin Fassett was disobedient in said school, yet he had no right to call in the district agent, or any other person, except the superintending school committee of said town, to assist in reducing said Calvin to obedience.

" 5. And also, that if the certificate purporting to be signed by the superintending school committee of said town of Freeman, was obtained upon an examination had at a time, when some members of said committee were not present, which members of said committee were not notified of said examination, such certificate is not such a certificate as the law requires, and gave the said Merrill none of the rights which a teacher legally qualified possesses.

" 6. That if a quorum of said committee were not present

at said examination, the certificate then obtained, is not a qualification sufficient to authorize said Merrill to teach school.

" 7. That if Merrill was duly qualified, he had no authority to use force to subject Calvin to submission.

" 8. That if Merrill had not the legal qualifications he had no right in the school, and no violation of his authority would authorize him to take any means to reduce a scholar to obedience or to maintain his authority in the same.

" 9. That if the defendant stated to his counsel, all the facts, within his knowledge, although he may not have stated all the facts of the case, follows honestly the advice so given, this action cannot be maintained.

" 10. That the acquittal of one arrested on one warrant, when there was no investigation of the merits on said warrant, is no bar to an arrest and examination on a second.

*J. H. Webster*, for the defendant, said that the instructions first complained of, were in substance these : — that if the jury found the facts as stated by the witnesses, the prosecution of the defendant against the plaintiff, was without probable cause.

He contended, that from the evidence, there could be no doubt that Stevens did make himself liable to prosecution under the provisions of Rev. Stat. c. 154, § 33, — that he did " unlawfully offer or attempt to strike, hit, or touch" Calvin Fassett, " in a wanton, wilful, angry, or insulting manner," or that the person of said Calvin was hit, struck, or touched, in at least a " slight degree." Same chap. § 34. See *Com. v. Clark*, 2 Metc. 23. The court settled both the law and the facts.

If the first prosecution was not a bar to the second, then the tenth request for instruction should have been given, and that actually given on the subject was erroneous. There is no distinction in principle, between pleading a record of a former judgment in bar, in a civil or in a criminal suit. Nothing but a trial on the merits, is a bar. Const. Maine, art. 1, § 8 ; 18 Johns. R. 201 ; 12 Pick. 496 ; 2 Mass. R. 172 ; 1 Pick. 371 ; 2 Mass. R. 111 ; 1 Pick. 371 ; 2 Pick. 20 ; 15 Pick. 276 ; 21 Pick. 250 ; 7 Pick. 177 ; 20 Pick. 356 ; 2 Stark. Evidence. 494.

The person employed to teach the school was not a school-master, nor entitled to the benefits of one. To teach without the requisite qualifications, is made by statute, an indictable offence. To be considered duly qualified, the teacher must produce to the agent a certificate from the superintending committee. The certificate produced in this case was invalid, and no certificate whatever. It was signed but by two of the committee, and the third had no notice. Even the two who signed the certificate did not act together, or see each other. *Jackson* v. *Hampden*, 16 Maine R. 184 ; and same case, 20 Maine R. 37 ; 1 B. & P. 236 ; 5 Bin. 481 ; 9 S. & R. 94 ; 7 Cowen, 526 ; 2 Wend. 494 ; 2 Pick. 345. All his acts were unauthorized as a teacher, and he was not entitled to the privileges or the protection of one. Rev. Stat. c. 17, § 45.

But had he been a legal teacher, he had had no power to call in a stranger, and turn Calvin Fassett out of the school by force. The plaintiff could derive no authority from the requests of the teacher, and was subject to be punished for his violent and illegal acts. The statute has given to the superin-tending school committee the power, and it lies only with them, to determine such questions, and to remove or expel a scholar from the school. 3 Greenl. 450 ; Rev. Stat. c. 17, § 41.

The fact, that Calvin Fassett was over 21 years of age, can-not vary the case. There was no statute forbidding his attend-ing school ; and if the teacher suffered him to assume the rights of a scholar, he was entitled to all the benefits and priv-ileges of a scholar. The teacher had no more authority over him, than over any other scholar, if as much.

The first and second requests for instruction should have been complied with. They are in the language of the Court, in the case, *Stone* v. *Swift*, 4 Pick. 389.

The ninth requested instruction should have been given. He who honestly and fairly takes the advice of counsel is justi-fied in following it. *Wilder* v. *Holden*, 24 Pick. 8 ; 2 B. & Cr. 693 ; *Stone* v. *Swift*, 4 Pick. 389 ; 12 Pick. 324 ; 16 Pick. 453 ; 2 Stark. Ev. 499.

That the defendant acted under the advice of counsel,

should have been permitted to go to the jury to show probable cause, and not to repel malice only. *Wills* v. *Noyes*, 12 Pick. 324.

A conviction of the plaintiff, by a justice, having jurisdiction of the offence, is conclusive evidence of probable cause, although acquitted on an appeal. 15 Mass. R. 243 ; 1 Metc. 232.

*R. Goodenow*, for the plaintiff.

1. What is probable cause is a mixed question of law and fact, as stated by the Court. *Stone* v. *Crocker*, 24 Pick. 81 ; 5 Law Reporter, 232.

2. The facts proved do not show probable cause, even if taken as stated by Calvin Fassett.

For 1. It was a *town school.*

2. Calvin Fassett was more than 21 years old, and had no right to be in school but as a favor.

3. If there, he was bound to submit to the reasonable commands of the master. Calvin has no right, nor the plaintiff, to object to the qualifications of the teacher, as he was in the school on sufferance.

4. It was his duty to leave the desk when the master wanted it.

5. If he did not, the *master* had a right to remove him.

6. The master had a right to ask the aid of the agent, or any other person to aid him if necessary.

7. The jury have found, under the instructions of the Court, that Stevens, the plaintiff, aided at the request of the master.

It was reasonable that the master should have the desk to himself. It was reasonable, that the master should be obeyed.

Malice may be inferred from a want of probable cause. 2 Greenl. Ev. § 453, note 1, § 454 and 455. Although the in ference may be repelled by other testimony. Mr. Webster's advice is designed to have that effect. How far the advice of counsel learned in the law, will negative malice, and establish probable cause, see 2 Greenl. Ev. § 459 and notes ; *Stone* v. *Swift*, 4 Pick. 393 ; *Blunt* v. *Little*, 3 Mason 102.

The advice was hasty, not given on a full statement of facts by defendant, and not reasonable.

The second prosecution, was ill advised, did not wait to know how first was disposed of; it was a criminal suit, no costs paid by State, and in civil not so. Mr. Stubbs' advice, was *reasonable* and *sound*.

*Qualification of master.* Revised Statutes provides that certificate of a majority of the committee shall be sufficient. chap. 1, § 3, rule III; chap. 17, § 12, is different in this respect from statute of 1834, under which last, the decision of the Court, in 16 Maine R. *Jackson* v. *Hamden*, 184, was made.

The general practice since the Revised Statutes, has been to examine separately; and more convenient, especially in the country, where it is almost impossible to do otherwise; especially as teachers are selected at different times.

The rights of the schoolmaster in respect to government and discipline are analogous to *masters of vessels*, or *master and apprentices*, or *parent and child*. He may use force to remove an obstinate scholar from one seat, or out of the house. It is a power necessary to the welfare of the school; and without it the school might be interrupted. The right to expel is given to the superintending committee. There was here no attempt to expel, but to remove him from the desk.

If over twenty-one, he had no right, but by permission; and equally bound to obey, as a minor.

The second warrant, was for the same identical offence as the first. Mr. Stubbs had jurisdiction of the first. The offence alleged was cognizable before him. The record shows this. The acquittal in the first was pleaded in bar to the second, and no replication by the State, that the justice had not jurisdiction, or that the acquittal was for any defect or error in the complaint.

The plea of *autre fais acquit*, is founded on the principle, that no man shall be placed in peril of legal penalties more than once on the same accusation. 4 Blackstone's Com. 335; 1 Chitty's Crim. Law, 452 to 461.

The whole doctrine on this subject, is found in 2 Chitty's Blackstone, 271, note 8. The principle in criminal cases is this: — If the prisoner could have been legally convicted, on the first indictment or warrant, upon any evidence that might have been adduced, his acquittal on that indictment or warrant may be successfully pleaded to a second indictment. Chitty's Black. 2, 371, note 8.

*Currier*, for the defendant, replied.

The opinion of the Court, WHITMAN C. J. not taking any part in the decision, not having been present at the argument, was drawn up by

TENNEY J. — This was an action for a malicious prosecution on account of the defendant's having upon his own complaint, obtained two warrants against the plaintiff, for an assault and battery upon one Calvin Fassett. Dexter Merrill was teaching a school in the town of Freeman, Calvin Fassett, an inhabitant of the district, more than twenty-one years of age, came as a scholar, and was received by the teacher as such. He was permitted by the latter at a particular time to occupy the desk and seat appropriated for the instructor, but for no specified time. Afterwards, on being requested by the teacher to leave the desk, and having refused, the teacher obtained the aid of the plaintiff, who was the agent of the district, and upon the express refusal of Calvin to leave the desk, the plaintiff, with the assistance of the master, attempted by force to remove him, but the force though properly exerted for such a purpose, was ineffectual. Afterwards, on the same day, the defendant and the said Calvin, took the advice of a counselor at law, who informed them that in his opinion, the plaintiff had not violated the law, but that the other party to the difficulty was· the aggressor, if any breach of the peace had occurred, and he advised him to return and submit to the direction of the instructor. Before they left the office of the counselor, the plaintiff and others came to take counsel upon the same matter, and claimed compensation for the trouble and expense incurred in obtaining legal advice, which was allowed and paid

by Calvin. The defendant said he was satisfied that Calvin was in the wrong. Afterwards the defendant sought the counsel of another counselor at law, who informed him upon a statement of the facts, that the plaintiff was liable to a prosecution according to the opinion, which had been given by a Judge of the district court; that he had no doubt of it; but gave no other advice; and subsequently a warrant was issued upon the complaint of the defendant for an alleged assault and battery, the plaintiff arrested thereon and brought before a magistrate, to whom the warrant was returned. Calvin was present, when the magistrate was calling the witnesses, but it does not appear, that any were examined. The plaintiff was arraigned upon the complaint, and tried, and after examination had, was adjudged not guilty, and discharged, and judgment duly entered. Afterwards, the defendant obtained the opinion of the counselor, whom he had last consulted previously, that it was legal to make a second warrant, and upon the inquiry of the defendant, whether it would be right, he was told repeatedly, that there could be no mistake about it; that the one whose opinion was last taken, made out the second complaint and warrant, that he examined no witness previous to making them, except the defendant, and that he did not know that the plaintiff had been arraigned on the first complaint and warrant. There was evidence not contradicted, that after the second discharge of the plaintiff, the defendant said he was fighting him for Calvin, without any cost to himself; that he should not have commenced it, if Calvin had received back the money which he had paid to the plaintiff.

It appeared, that the person in charge of the school at the time, was duly employed by the agent of the district, and that he produced before the commencement of the school, to the agent, a certificate in the legal form, signed by two of the superintending school committee of the town, the whole number consisting of three; that the two whose names were upon the certificate, examined the teacher separately, and it did not appear, that they conferred together upon the subject, or that the third was notified to be present with either or both the

others, when the examinations took place, or that he was ever called upon to make a separate examination.

The Court instructed the jury, that to entitle the plaintiff to recover, they must be satisfied that the prosecutions complained of were without probable cause and malicious; that if the facts were as testified even by Calvin, who was called by the defendant, taken in connexion with the record evidence, there was no probable cause; that Calvin Fassett had no right to attend school, but if he put himself under the master, he was bound to obey all his reasonable commands; was not at liberty to set at defiance the master's authority; had no right to occupy the desk after the master had requested him to leave it; that the master could rightfully use sufficient force, for the removal from the desk, and could avail himself of other aid; that he was not obliged to submit to an interruption of the school, till an examination could be made by the superintending committee, or till a prosecution could be instituted; that the certificate signed by two of the committee, met the requirement of the law, notwithstanding it was not signed by the third, or that he was not present or notified, when the examinations took place, or that the other two were not together at the examination, and that the record of an acquittal by a magistrate, having jurisdiction of the case, unless fraudulently made, was a bar to another subsequent prosecution for the same offence. Several requests for instructions to the jury were made and declined, excepting so far as they were embraced in the general instructions.

Dexter Merrill, the person who was employed by the agent, had a certificate, signed by two of the committee. The law provides, that " no person shall be employed as a schoolmaster, unless he shall produce to the agent employing him a certificate from the superintending school committee," &c. It is clearly implied, that such a certificate, with other evidence of qualification specified, is full authority to teach a town school and to exercise all the powers incident to the place.

By Rev. Stat. chap. 1, sect. 3, rule 3, " all words importing a joint authority to three or more public officers, or other per-

sons, shall be considered as giving authority to a majority of such officers or persons, unless it shall be otherwise expressly declared in the law, giving such authority." No law does so declare, in reference to the duties of superintending school committees, but a majority of such committees shall constitute a quorum. Rev. Stat. chap. 17, § 12. The certificate, having the names of a majority of the committee, is all that is required. The objection that the two, who signed it, did not act together in the examination, cannot avail, inasmuch as the master had fulfilled the demand of the law in the production of the certificate, signed by all that were necessary.

Another ground relied upon to sustain the exceptions taken to the instructions, is, that Calvin Fassett, being more than twenty-one years of age, was not legally a scholar, and therefore the instructor had no authority to reduce him to obedience; but if he was a disturber of the school, a remedy was provided in Rev. Stat. chap. 17, § 61, by a prosecution against him, and that this was the only remedy which was open to him. It cannot have been intended, that every one, who has no right to be in school as a pupil, can offer such disturbance as to entirely interrupt the business of the school, without being subject to restraint or removal, by the teacher. Must the course of instruction of the school, be entirely suspended, till there can be a criminal trial upon a prosecution, commenced against a person, having no right to attend school, but who insists upon being in the house, is continually making disturbance, abusing the pupils, and utterly refuses to submit to the wholesome rules established for its good order and government, when the teacher has the physical power, with the greatest ease, to remove him from the place, which he persists in occupying, or from the house itself? By the principle advocated by the defendant's counsel, the question must be answered in the affirmative, if the disturbance is inconsistent with the continuance of the school. The law clothes every person with the power to use force, sufficient to remove one who is an intruder upon his possessions, notwithstanding he may have a remedy by an action or a criminal prosecution, for the same

acts.   The school house is in the charge and under the con-
trol of the authorized teacher, so far as is necessary for the
performance of his duties, and the remedy given in the section
referred to, to punish by criminal prosecution, disturbers, is
comulative, and not intended to take away or abridge any of
the rights before possessed.

The objection to the propriety of the teacher's employing
the assistance of the agent, in causing the removal of Calvin
Fassett from his desk, has no better foundation in law.   The
physical power of the master, is but an instrument to secure
the rights of himself, the school and the town; and he had an
equal right to make use of the strength of another, under his
own direction, if discreetly exercised; for it was still an in-
strument only, which the exigency of the case demanded.   If
a contrary doctrine were to prevail, one law would be applied
to the case of a teacher with little muscular power, and a very
different law, when the instructor could single handed vindicate
his rights.

Again, it is insisted, that if Calvin Fassett was to be consid-
ered as a scholar in the school, with a scholar's rights, that the
force used by, and under the direction of the master, to com-
pel obedience was unauthorized; that the government of town
schools is limited to the mode provided in Rev. Stat. chap. 17,
sect. 41, which is, that the superintending committee, shall
" expel from any school, any obstinately disobedient scholar,"
&c., that the Legislature intended to interdict all right in a
teacher, to use force in the government of a school.   The
right of the parent to keep the child in order and obedience,
is secured by the common law.   He may lawfully correct his
child, being under age, in a reasonable manner, for this is for
the benefit of his education.   He may delegate also a part of
his parental authority during his life, to the tutor or schoolmas-
ter of his child, who is then *in loco parentis*, and has such
portion of the power of the parent, committed to his charge,
viz: that of restraint and correction, as may be necessary to
answer the purpose for which he is employed.   1 Black. Com.
453, & 454; 1 Hale's P. C. 473 & 474.   " The rights of

parents [over their children,] result from their duties. As they are bound to maintain and educate their children, the law has given them the right to such authority; and in support of that authority, a right to the exercise of such discipline as may be requisite for the discharge of their sacred trust." " The power allowed by law to the parent over the person of the child, may be delegated to a tutor or instructor, the better to accomplish the purposes of education." 2 Kent's Com. 169 & 170. Although the town school is instituted by authority of the statute, the children are to be considered as put in charge of the instructor for the same purpose, and he clothed with the same power, as when he is directly employed by the parents. The power of the parent to restrain and coerce obedience in children, cannot be doubted, and it has seldom or never been denied. The power delegated to the master, by the parent, must be accompanied for the time being, with the same right as incidental, or the object sought must fail of accomplishment.

The practice, which has generally prevailed in our town schools, since the first settlement of the country, has been in accordance with the law thus expressed, and resort has been had to personal chastisement, where milder means of restraint have been unavailing. If the statute had been intended to abrogate this practice, and to deny entirely the right of the master to employ such measures in the government and discipline of his school, we should expect some more explicit declaration of the intention, than is to be found in the language used. In fact, the very terms of the provision relied upon in support of the proposition made by the opening counsel for the defendant, imply the contrary. The committee are vested with the power to expel scholars only where they are *obstinately* disobedient, and scholars cannot be considered as coming within this category, where they have simply omitted to comply with the reasonable commands and kindly persuasions of instructors; for threats of bodily punishment would be in no wise proper, if they could not with propriety be executed. Does the statute then require, that all those who are not inclin-

ed to yield to such commands and persuasions, are to be subject to the jurisdiction of the superintending committee at all times, and that only; and all lose the benefit of the school, without regard to age or sex, whenever they cease to submit to the required regulations of the master? And are the committee to be called to set in judgment as often as such neglect shall occur? The mere presentation of facts, such as may be expected, shows the unreasonableness of the position.

If the teacher is authorized to inflict corporeal punishment for the purpose of securing obedience to his reasonable rules and commands, and thereby to render the school, what it is contemplated by the law that it shall be, it follows that he has the right to direct, how and when each pupil shall attend to his appropriate duties, and the manner in which they shall demean themselves, provided, that in all this, nothing unreasonable is demanded. It cannot be contended, that as the teacher has responsible duties to perform, he is not entitled to the reasonable means by which to perform them. He has a right to the house prepared by the district, and the seat in it assigned for his occupation. If a scholar should attempt to debar him from entering the former, or should occupy the latter, to the exclusion of the teacher, he would be a subject of punishment, and force sufficient at least to obtain their possession could be used, if there was an absolute refusal on the part of the usurper to surrender them.

But it is insisted, that if such is the authority of the teacher over one, who is in legal contemplation a scholar, that the same cannot apply to the case of one, who has no right to attend the school as a pupil. It is not necessary to settle the question, whether one living in the district, and not being between the ages of four and twenty-one years, can with propriety require the instructions of town schools. If such does present himself as a pupil, is received and instructed by the master, he cannot claim the privilege and receive it, and at the same time be subject to none of the duties incident to a scholar. If disobedient, he is not exempt from the liability to punishment, so long as he is treated as having the character, which

he assumes. He cannot plead his own voluntary act, and insist that it is illegal, as an excuse for creating disturbance, and escape consequences, which would attach to him either as a refractory, incorrigible scholar, or as one, who persists in interrupting the ordinary business of the school.

The principle, that a man shall not be put in jeopardy more than once for the same criminal act, applies to a defence based upon a former acquittal, as well as upon a former conviction. It must, however, be for the same offence, and the offender must be put in jeopardy, in order that such a defence should avail. One cannot be considered as put in jeopardy, where a trial was had before a Court, not having jurisdiction, where the indictment was insufficient, so that no judgment could be rendered thereon; nor where a trial has been broken off by some accident, so that there was no verdict, where the jury being unable to agree were discharged, and where the prosecuting officer has entered a *nolle prosequi. Commonwealth* v. *Roby,* 12 Pick. 496. But where a jury has been empanelled and have rendered a verdict of acquittal, and judgment has been entered thereon, though there has been no evidence adduced against the accused, he cannot again be put upon trial for the same offence. Where the proceedings are upon a complaint and warrant before a justice of the peace in a matter, where he has final jurisdiction, the prisoner has been arraigned, and tried, discharged as not guilty, and judgment entered, he cannot again be put upon trial under another similar complaint and warrant for the same offence. The record of acquittal by a magistrate, having jurisdiction, after an arraignment, trial, and judgment, was pleaded in the defence of the second prosecution, it is not contended that the record itself, failed to sustain the plea. The instruction of the Judge on this point was correct.

The Judge also instructed the jury, that the question of probable cause upon established facts, was a question of law, and he instructed them, that there was no probable cause for the prosecutions against the plaintiff by the procurement of the defendant. The jury must have found under proper instruc-

tions, that Calvin Fassett, while claiming to be a scholar, refused to surrender to the teacher the desk of the latter ; and to remove him therefrom, the teacher employed the plaintiff, and less of the proper force was used than was necessary for the object.   It is difficult to perceive how any reasonable man could suppose, this was an assault and battery upon the scholar, who thus was a disturber of the school without cause.   It is however insisted, that he had the opinion of a counselor at law, that the acts of the plaintiff were in violation of law, and therefore that there was probable cause for the prosecutions.   It is true, that if a person with an honest wish to ascertain whether certain facts will authorize a suit or a criminal prosecution, and he lays all such facts before one learned in the law, and solicits his deliberate opinion thereon, and the advice obtained is favorable to the suit or prosecution, which is thereupon commenced, it will certainly go far, in the absence of other facts, to show probable cause, and to negative malice. But if it appears, that he withheld material facts, within his knowledge, or which in the exercise of common prudence he might have known ; or if it appears, that he was influenced by passion or a desire to injure the other party, and especially if he received from another, learned in the law, whose counsel he sought, advice of a contrary character upon the same question, the opinion, which he invokes in defence, ought not to avail him, and it is well understood that it cannot be a protection.   In *Hewlett* v. *Churchley*, 5 Taunt. 277, the Court held substantially, that it would be a most pernicious practice, to introduce the principle, that a man by obtaining an opinion of counsel, may shelter his malice in all cases, by bringing an unfounded prosecution.   This doctrine is sanctioned in *Blunt* v. *Little*, 3 Mason, 102.   And it may not be improper to make the general remark, without intending by any means to apply it particularly to the case at bar, that where good moral character and citizenship are all the requirements for admission as counselors to our courts, that it would be very dangerous to practice upon the principle contended for, without qualification or exception.

It appears, that the defendant was advised by counsel of high respectability, that the plaintiff would be liable according to an opinion of a Judge of the district court, without advising him, that such was his own opinion of the law. And he was afterwards advised by the same, that the first prosecution was not a bar to the second; and upon a manifestation of anxiety in the defendant, to know whether the second prosecution would be right, he repeatedly told him that the first prosecution would not prevent success in the second.

Although the defendant was possessed of the opinion of a Judge of the Court, that a prosecution could be sustained, which certainly is very important, still, such opinion may have been, and probably was given in a case where the facts were very dissimilar from those presented to counsel, yet where that opinion was not adopted by the one consulted, and where it appeared that in the judgment of another professional gentleman, Calvin Fassett, and not the plaintiff, was the guilty party, if guilt attached to either, made known to the defendant, we cannot think that the Judge essentially erred in his instruction upon this point in reference to the first complaint. In the last, the opinion of counsel was limited to the operation of the first warrant upon the second, where he was not informed what had taken place upon the arrest of the plaintiff, and the return of the former warrant. If the defendant was really ignorant, that the plaintiff had been brought before a magistrate, arraigned, tried and acquitted, he was inexcusable for not knowing the result of the prosecution which he had instituted, when he could have known it in the exercise of ordinary prudence.

The refusal to give the instructions according to the requests specially presented to the Court is unexceptionable.

*Exceptions overruled.*