FINDLEY J. WATT *vs.* FRANK S. COREY and DAVID B. RICKER.

Hancock. Opinion April 2, 1884.

*Malicious prosecution. Excessive damages. Probable cause. Advice of counsel.*

In an action for malicious prosecution, for causing plaintiff's arrest upon a warrant charging him with forgery by making unauthorized entries in certain books of accounts, and, upon his discharge, by causing his arrest upon another warrant charging him with embezzlement amounting to larceny. *Held*, that a verdict in favor of the plaintiff in the sum of eleven hundred dollars was not excessive.

In an action for malicious prosecution where the defendant claims that he acted under the advice of counsel, it is for the jury to say whether the fact,

that the attorney and counsellor whose advice was sought was the attorney in a civil suit to recover of this plaintiff the sum alleged in the criminal proceeding to have been embezzled, made the attorney an improper person to consult—whether he was carrying on the suit under such circumstances and with such motives as prejudiced him and rendered him unfit to give fair and impartial advice in the premises.

ON EXCEPTIONS and motion to set aside the verdict.

The opinion states the case and material facts.

*Hale, Emery and Hamlin,* for the plaintiff, cited : *White* v. *Carr,* 71 Maine, 555 ; *Hamilton* v. *Smith,* 39 Mich. 222 ; *State* v. *Bartlett,* 47 Maine, 396 ; *Day* v. *Moore,* 13 Gray, 522 ; *Tyler* v. *Dyer,* 13 Maine, 46 ; Whart. Ev. 148, note 1.

*H. A. Tripp,* for the defendants, contended that the instruction to the jury was inapplicable to the facts ; and that where, as in the case of defendant Corey, the testimony was uncontradicted, that he acted under the advice of counsel in the prosecutions which he instituted, the question of probable cause was one of law to be determined by the court ; and that the question submitted to the jury should have been determined by the court. Counsel cited : *Stephenson* v. *Thayer,* 63 Maine, 143 ; *Webb* v. *P. & K. R. R. Co.* 57 *Maine,* 117 ; *Taylor* v. *Godfrey,* 36 Maine, 525 ; *Stone* v. *Crocker,* 24 Pick. 81 ; *Barron* v. *Mason,* 31 Vt. 189 ; 2 Greenl. Ev. §§ 406, 454 ; 22 Maine, 113.

There is no resemblance at all between the circumstances of the case at bar and *White* v. *Carr,* 71 Maine, 555.

BARROWS, J.    This is an action for malicious prosecution, in which the jury rendered a verdict in favor of the plaintiff for eleven hundred dollars damages, which the defendants move to set aside as against law and evidence, and because they say the damages are excessive.    Prior to June, 1881, the plaintiff had been for several years the storekeeper of the Collins' Granite Company, at Bluehill, having entire control of the company's store, ordering the goods, paying off the men, selling goods, and having the general charge of the books kept in the store.    At that time a disagreement seems to have arisen between him and the managers of the company as to the amount of his compensa-

tion, and he ceased to be in the employ of the company, Corey, one of the defendants, taking his place as storekeeper. Ricker, the other defendant, was a director of the company. So far as appears by the testimony in this case, the dispute between the plaintiff and the company was whether the plaintiff had been entitled during the term of his employment to compensation at the rate of fifty dollars a month *and his expenses,* or fifty dollars a month only. The uncontradicted testimony on the part of the plaintiff shows that he was engaged by the managers of the company in Philadelphia to go to Bluehill, and was to receive for his services fifty dollars a month and his personal expenses. The misunderstanding about it seems to have arisen from the fact that the person who acted as secretary at the meeting of the directors at which the formal vote for the employment of the plaintiff was passed, accidentally omitted from his minutes the words, " and expenses," in stating the terms of the engagement, and this omission was discovered at the reading of the record at the next meeting, and another person who was then acting as secretary was ordered to correct it, and did so by inserting the words in the record of the previous meeting. This being afterwards seen by the secretary of the first meeting he drew his pencil through the added words as unauthorized. But the state of the record does not seem to have come to the knowledge of the plaintiff, who proceeded from the first to credit himself on the books of the company (kept under his direction, but open at all times to the inspection of the directors, and actually examined from time to time by the book-keeper of the home office,) with the price or cost of his board. Upon the occurrence of some change in the management of the corporation in June, 1881, the dispute arose. The attorney of the company at Bluehill was directed to bring suit against the plaintiff for alleged deficiencies in his accounts thus accruing. This he did early in September ; and on the sixth of the same month a warrant was sworn out by the defendant, Corey, at the instigation, and apparently under the direction of the defendant, Ricker, charging the plaintiff with the crime of forgery in thus crediting himself with a certain sum for board in October, 1878. The plaintiff was arrested on the warrant,

taken before the trial justice, and the case continued to the tenth, to allow the accused to procure counsel. When it came up for hearing it turned out that the credit was not placed on the books by the plaintiff, but by a clerk in the store in the ordinary course of business, and that the books had always been open to inspection by the officers of the company; and the trial justice very properly discharged the plaintiff who, however, was forthwith taken into custody by the officer, upon a warrant procured by the defendants in the same way and upon the same state of facts, but charging the plaintiff not with forgery, but with embezzlement, equivalent to larceny. The trial justice before whom this warrant was returned, a counsellor at law, in Ellsworth, since deceased, rightly discharged the plaintiff upon the statement of the complainant's attorney as to what he expected to prove, and the present suit to recover damages for these groundless and malicious prosecutions was instituted.

Upon a careful review of the testimony we do not see how any other verdict could well have been rendered. The damages are not in our judgment excessive. *Humphries* v. *Parker*, 52 Maine, 508. The motion must be overruled, and judgment rendered on the verdict, unless defendants are found entitled to a new trial upon their exceptions.

Advice of counsel seems to have been the only thing savoring of a justification which the defendants had to rely upon in instituting the prosecutions.

The burden of their complaint in these exceptions is that the judge left it to the jury to say whether the fact that the attorney and counsellor, upon whose advice one of the defendants claimed to have relied, was the attorney of the company employed at the same time in the prosecution of the civil suit against the plaintiff, " made him an improper person to consult — whether he was carrying on the suit under such circumstances, and with such motives as prejudiced him and rendered him unfit to give fair and impartial advice" in the premises. In view of the uncontradicted testimony that the attorney in question, upon the first arrest of the plaintiff, approached him with the proposition that if he would settle the civil suit the criminal proceedings should be

withdrawn, the defendants seem to have little to complain of. The complaints for forgery and larceny, groundless as they obviously were, seem to have been made with a common purpose on the part of clients and counsel to coerce the plaintiff into the adjustment of a questionable, if not wrongful, demand for money, which they were jointly engaged in urging upon him. What other reasonable inference can be drawn from such a suggestion on the part of counsel?

Had the plaintiff requested an instruction that, if this was the case, the advice of counsel thus engaged would have no tendency to show either probable cause or the absence of malice, could the presiding judge have refused to give it?

In *Hamilton* v. *Smith*, 39 Mich. 222, it is well held that where an attorney and client are in complicity in the institution of a groundless prosecution, the latter cannot justify himself by the advice of the former.

Under all the circumstances, the defendants here could ask nothing more favorable than to have the effect of the evidence submitted to the jury as it was. See *Webb* v. *P. & K. R. R. Co.* 57 Maine, 134. It is matter of familiar law that though a legal question has been erroneously or needlessly submitted to the jury, if they have decided it correctly, the verdict will not for that cause be disturbed. Eastman's Digest, Tit. New Trial, III, 2. p. 476. Here, however, the matter was necessarily and properly submitted to the jury as a mixed question of law and fact; and correctly decided, so far as any inference can be drawn from the general verdict. It is not easy to conceive of a case, in which the only element tending to show probable cause is the advice of counsel that the prosecution may be safely commenced, where the testimony upon that point will be so full and indisputable as to justify ruling as matter of law that probable cause is thereby established, so as to entitle the defendant to a verdict. The true doctrine is, that previous consultation with and favorable advice of counsel learned in the law, are facts which have a bearing, both upon the existence of probable cause and the presence or absence of malice in the prosecution complained of (which last is always a question for the jury) ; but the conditions under

which such consultation and advice will amount to a valid defence, are such as almost inevitably to require the submission of the evidence to the jury, under proper instructions, to find whether those conditions exist in the case on trial. If they do, the jury are to give them effect by applying the instructions to the facts as they find them. It is not every member of the bar whose character and standing are sufficiently known to the court to enable the presiding judge to say that he answers the description of "counsel learned in the law." See *Stevens* v. *Fassett*, 27 Maine, 266. Of those whom he might so regard, the situation may be such in relation to the particular case, as to prevent their opinion from amounting to a justification, or at least to make it doubtful whether it was the unbiased, deliberate opinion of counsel learned in the law and properly informed respecting the case. *White* v. *Carr*, 71 Maine, 555. In *Hewett* v. *Cruchley*, 5 Taunton, 277, it was well said that "it would be a most pernicious practice if we were to introduce the principle that a man by obtaining an opinion of a counsel, by applying to a weak man, or an ignorant man, may shelter his malice in bringing an unfounded prosecution."

But, in addition to this, it is an essential condition that there should be plenary proof that the client communicated to the counsellor all the knowledge and information which he had, respecting the material facts — and not that alone — but also all such knowledge and information as in the exercise of reasonable care and prudence (with due regard to the rights of the party against whom he proposes to proceed) he might have obtained. *Stevens* v. *Fassett, supra; White* v. *Carr, supra.*

There will seldom be a case in which the existence of this condition will not be disputable in view of all the testimony, and hence, necessarily, to be submitted to the jury with distinct instructions as to the effect which their finding upon this point is to have upon their verdict. In *Taylor* v. *Godfrey*, 36 Maine, 525, upon which the defendants mainly rely to support their objection to the course of the presiding judge, in submitting to the jury the effect of such evidence as there was to show consultation and advice of counsel on the part of these defendants,

it will be seen that the court came to the conclusion that assuming all the defendant's evidence on this point to be true, the presiding justice ought to have instructed the jury that it did *not* amount to proof of probable cause. *That* is a contingency much more likely to occur in such a case. Perhaps this case is an illustration of it. But a peremptory ruling against them would not have helped the defendants. Obviously here no ruling favorable to them could have been given. Aside from the matters already referred to, had the defendants with due and decent regard to the rights of the plaintiff, used reasonable care and diligence to ascertain why and how the apparent change in the record of the directors' vote was made, they would have discovered the futility of their contention ; and this care and diligence they were bound to exercise before they could claim exemption from liability on account of the advice of counsel. Moreover, the attorney here, in one part of his testimony, denies that he advised these criminal proceedings, and it would rather seem that he was acting under the direction of Ricker, and upon a supposed opinion of other counsel obtained by him elsewhere.

This leads us to remark that a mere loose and general statement of what is done by a defendant in the consultation of counsel, like that made here embodying the testimony that Ricker would have given if he had been present at the trial, cannot, for reasons already adverted to, amount to the plenary proof required of the acts, facts and circumstances which are necessary to make the advice of counsel available as a defence in such an action as this. The details of the statement made by client to counsel, upon which the opinion is predicated, seem to be indispensable in order to enable the jury to determine whether the necessary conditions are fulfilled ; and the proof seems to be defective without the testimony of the counsellor, unless its absence is satisfactorily accounted for. A sweeping statement of the client that he submitted all the information he possessed to a respectable lawyer, and in all that he did was guided by that lawyer's opinion, does not place before the jury such a consultation and opinion as the court say in *Stevens* v. *Fassett,* 27 Maine, 283, " will certainly go far in the absence of other facts to show

probable cause and negative malice." No instructions given by the presiding judge misled or tended to mislead the jury against the defendants. The real difficulty was the absence of the necessary proof to maintain their defence or to impeach the case made out by the plaintiff.

The exceptions to the admission of testimony are not insisted on in argument. We see none that are tenable. The original papers in the proceedings before the magistrate or duly authenticated copies thereof, were alike admissible. *State* v. *Bartlett*, 47 Maine, 396. The search for the deceased magistrate's record seems to have been conducted in the right quarter, and it was exhaustive. Parol evidence of the disposition he made of the case, was all that could be given, and was competent and satisfactory.

*Motion and exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH and LIBBEY, JJ., concurred.