Karen T. BICKFORD

v.

George S. LANTAY.

Supreme Judicial Court of Maine.

Nov. 21, 1978.

C. W. & H. M. Hayes by John L. Easton, Jr., Dover-Foxcroft (orally), for plaintiff.

Preti, Flaherty & Beliveau by Annee Tara, Augusta (orally), for defendant.

Before WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

WERNICK, Justice.

Plaintiff Karen T. Bickford brought a civil action in the Superior Court (Piscataquis County) alleging that defendant George S. Lantay had injured her by tortiously subjecting her to a malicious prosecution. A trial was held in early August, 1977, and the jury returned a verdict for plaintiff. Defendant has appealed from the judgment entered on the verdict. He asserts that the presiding Justice erroneously denied his motion for judgment n. o. v., properly made in accordance with Rule 50(b) M.R.Civ.P. The claimed grounds of error are that the evidence failed to establish at least one (if not all) of the following essential elements of the tort of malicious prosecution: (1) that the *nolle prosequi* shown by the evidence to have been entered in a prior criminal prosecution instigated by defendant against plaintiff (as the accused) did not effect an outcome of the criminal prosecution favorable to the accused; (2) that probable cause for the criminal prosecution was lacking; and (3) that defendant was motivated by actual malice towards plaintiff in causing her to be subjected to the criminal prosecution.

We deny the appeal.

On January 19, 1977 plaintiff was operating an automobile along icy roads in Newport, Maine. Plaintiff's immediate destination was a co-operative food store where she was accustomed to shop. She was proceeding to the store when she made a right turn onto a street known as Mill Street. Suddenly, defendant appeared on plaintiff's

left. Acting barely in time, plaintiff narrowly avoided hitting defendant. Immediately after the incident plaintiff and defendant engaged in a brief, but acrimonious, encounter. Subsequently, defendant approached the Chief of Police of the town for the purpose of inducing him to initiate a criminal prosecution against the plaintiff. Defendant had several more meetings with him, as well as two visits with an Assistant District Attorney. Defendant also consulted a private attorney. Ultimately, after continued prompting by defendant, the prosecution authorities issued a traffic ticket charging plaintiff Bickford with the criminal offense of driving to endanger.

On the day set for trial of the criminal charge, the Assistant District Attorney assigned to handle the case refused to continue with the prosecution. With leave of court he caused a *nolle prosequi* to be entered.

## 1.

Defendant contends that the entry of a *nolle prosequi* as the termination of the criminal prosecution against plaintiff is not sufficient to prove an outcome favorable to the accused, which is an essential element of the tort of malicious prosecution.

Defendant relies on the decision in *Garing v. Fraser,* 76 Me. 37, 42 (1884) that a pleading that the

"county attorney entered on the records of the court a *nolle prosequi* to . . . [an] indictment"

is insufficient as an allegation of the essential element of the tort of malicious prosecution that the criminal proceeding has been

"determined in favor of the plaintiff or . . . finally abandoned."

This Court further stated in *Garing v. Fraser,* however, that it was expressing no opinion on whether an allegation that the *nolle prosequi* had been objected to by plaintiff would be sufficient.

In the case at bar we need not determine whether to follow, or overrule, the holding in *Garing v. Fraser.*[1] We decide the issue now before us by addressing the question left open in that case. We now settle as the law of Maine that in a tort claim for malicious prosecution a showing that the criminal prosecution in which the plaintiff was the accused terminated with the entry of a *nolle prosequi over the objection of the accused* is sufficient to prove the essential element of the tort that the criminal prosecution terminated in an outcome favorable to the plaintiff.

With the law thus clarified, we conclude that as to the essential element now under consideration, the evidence adduced at trial required denial of defendant's motion for judgment n. o. v. We reach this conclusion not on the usual basis that the critical determination was as to a fact and that as such it was exclusively for the jury. Rather, we find that even though the inquiry whether the accused objected to the entry of *nolle prosequi* was directed to a *fact,* the evidence as to that fact happened to be of such nature that it was the function of the *court,* not the jury, to make the determination.

The sole evidence on the issue was a *written document:* a traffic citation and complaint on which the District Court judge had made various handwritten notations. The interpretation of the meaning conveyed by the contents of this written document was for the court, not the jury, to decide. See *Fuller v. Smith,* 107 Me. 161, 168, 77 A. 706 (1910); IX Wigmore on Evidence, 3d ed. § 2556. This being so, even though the record does not plainly indicate whether the presiding Justice undertook to interpret the meaning of the written document, the document is before us, we are in precisely the same position as the presiding Justice to exercise the *court* function of interpreting the correct meaning of that written instrument. See *Beaulieu v. Francis Bernard, Inc., et al.,* Me., 393 A.2d 163 (1978). We are satisfied that the statements in the

1. We note that *Garing v. Fraser* failed to refer to a prior decision of this Court, *Page v. Cush-*

*ing,* 38 Me. 523, 527, 528 (1854), which appears to be inconsistent with its holding.

written document signify that the entry of a *nolle prosequi* was made despite the request of the accused's attorney for trial. In legal effect, this is the entry of a *nolle prosequi* over the objection of the accused.

The evidence thus definitively established the essential element of the tort of malicious prosecution that the criminal prosecution (relied upon as the gravamen of the tort claim) terminated in an outcome favorable to the plaintiff, as the person who was the accused.

### 2.

The second of defendant's points on appeal is that the evidence failed to prove, as one of the essential elements of the tort of malicious prosecution, that defendant acted without probable cause in subjecting plaintiff to a criminal prosecution.

Some of the evidence bearing on this question was conflicting. According to some witnesses, plaintiff was driving at "5 miles an hour" or "at a snail's pace." Defendant's version was that plaintiff's speed was approximately 20 miles an hour. Witnesses offered by plaintiff testified that defendant darted out between two parked cars; defendant's version was that he was crossing a street in a pedestrian crosswalk. It was the jury's province to resolve these evidentiary conflicts. Since the jury could reasonably have believed the witnesses offered on behalf of plaintiff, it was open to the jury to find plaintiff blameless regarding the danger to which defendant was exposed when plaintiff's automobile narrowly missed hitting him.

 It is, moreover, irrelevant to the jury's determination as to the presence or absence of probable cause that defendant might have undertaken to act against plaintiff as he did because he had been frightened and excited by his close encounter with serious injury. In determining the *presence* or absence of probable cause, the jury is to look only to such facts in evidence as are

"sufficient to justify a man who was *calm, and not governed by passion, prejudice or want of ordinary caution and care,* in believing the party guilty." *Humphries v. Parker,* 52 Me. 502, 505 (1864) (emphasis supplied)

Defendant, however, makes a further contention regarding probable cause premised upon particular facts which are not disputed in the evidence: that defendant had consulted a private attorney in the course of his extended undertaking to cause a criminal prosecution to be instituted against plaintiff, and the attorney advised him that he should continue to press to have such a prosecution brought. Defendant says that these undisputed facts require a conclusion *as a matter of law* that defendant acted with probable cause in instigating the criminal prosecution of plaintiff Bickford.

We reject this contention, holding that it derives from an erroneous conception of the law of Maine. The correct approach to the issue was long ago stated in *Stevens v. Fassett,* 27 Me. 266, 283 (1847):

"[I]f a person with an honest wish to ascertain whether certain facts will authorize a suit or a criminal prosecution, . . . lays all such facts before one learned in the law, and solicits his deliberate opinion thereon, and the advice obtained is favorable to the suit or prosecution, which is thereupon commenced, it will certainly go far, in the absence of other facts, to show probable cause . . . ."

"[I]f it appears, that he withheld material facts, within his knowledge, . . . the opinion, . . . ought not to avail him, and it is well understood that it cannot be a protection. . . . [I]t would be a most pernicious practice, to introduce the principle, that a man by obtaining an opinion of counsel, may shelter . . . in all cases, . . . bringing an unfounded prosecution."

The record reveals that there was no direct evidence presented as to the facts, if any, defendant related to the private attor-

ney he consulted.[2] It was, therefore, exclusively for the jury to determine, on the basis of inferences to be drawn from all the evidence, whether or not defendant had accurately and adequately described to the lawyer the relevant facts, and in light of such finding the weight to be given, in the assessment of the presence or absence of probable cause, to the fact that defendant had consulted a private attorney. See *Watt v. Corey,* 76 Me. 87, 92, 93 (1884).

### 3.

As his last point of appeal, defendant says that the evidence was insufficient to support a jury finding that he acted with "malice" in initiating the criminal proceeding against plaintiff.

 Recently, in *Nyer v. Carter,* Me., 367 A.2d 1375, 1378, 1379 (1977), this Court clarified that "malice" is an essential element of the tort of malicious prosecution related to, but distinct from, the absence of probable cause as another essential element. Thus, an absence of probable cause may serve as evidence of malice but it is not identical with malice. As *Nyer v. Carter* stated this point:

"[T]he factfinder is not obliged to infer malice from the absence of probable cause. Such an inference is proper only when the absence of probable cause establishes in the mind of the factfinder, by a fair preponderance of the evidence, that there is malice in fact."

Here, there was evidence that at the time of the traffic incident defendant confronted plaintiff Bickford in an angry manner, pounded on the hood of her car, called her a menace and used obscene language in speaking to her. Police Chief Charles H. Jackson testified that defendant came to him approximately 8 times, insisting each time that Jackson arrange for a criminal prosecution of plaintiff Bickford. After Jackson had informed defendant that he

believed no criminal prosecution was warranted, defendant circulated a letter criticizing Jackson's performance as Police Chief. These circumstances amply supported a finding by the jury that defendant was motivated by actual malice when he instigated the criminal prosecution against plaintiff.

The entry is:

Appeal denied; judgment affirmed.

McKUSICK, C. J., and POMEROY, J., did not sit.

ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ., concurring.

---

**2.** We reject defendant's claim that he proffered such evidence but the presiding Justice erroneously excluded it. The evidence which was excluded was the statement of the attorney that he could not participate in the criminal prosecution because it was entrusted to the District Attorney's office. No evidence was offered regarding statements of the defendant to the attorney about the facts of the near accident with plaintiff.