THE COUNTY COURT OF GREENBRIER COUNTY *et al. v.* THE BANK OF WILLIAMSBURG *et al.*

(No. 7814)

Submitted March 7, 1934. Decided March 13, 1934.

*Jarrett & Wilson,* for appellants.
*Conley & Klostermeyer,* for appellees.

LITZ, JUDGE:

The object of this suit is to establish a preference in favor of a county as creditor of an insolvent bank. To the ruling of the trial court sustaining demurrers to the bill of the county court of Greenbrier County and the petition of John H. Boling, sheriff, this appeal is prosecuted.

The bill alleges that the state commissioner of banking on January 2, 1932, closed defendant Bank of Williamsburg and thereafter appointed E. L. Morrison receiver to administer its assets; that at the time it was closed, the bank owed the state $1220.28 and Greenbrier County $21,838.54, for undistributed tax collections deposited therein by the sheriff as ex officio treasurer of the county; that there was on deposit in the bank July 1, 1931, county funds amounting to $15,348.03, and on August 1, 1931, $12,578.00; that the bank was designated, August 4, 1931, as a depository of the county for the fiscal year commencing July 1, 1931, and ending July 1, 1932; that the bond required of the bank as such depository was executed September 28th, approved by the prosecuting attorney September 29th, and accepted by the county court October 6, 1931; that by reason of the failure of the county court to designate the bank as a county depository on or before June 30, 1931, and of the bank to execute bond on or before August 1st, succeeding, as required by Code 1931, 7-6-1, 2, the bank was not a legal depository and the public moneys deposited or remaining on deposit after July 1, 1931, constitute a trust fund in the hands of the receiver.

As the controversy may involve the validity of the bond executed by the bank as a depository for the fiscal year commencing July 1, 1931, and ending July 1, 1932, and the liability of the sureties on its bond for the previous year, the sureties on each bond should be made parties to the suit. Generally, all persons whose interests may be adversely

affected thereby should be made parties to a suit in chancery. *Finance Co.* v. *Window Glass Co.*, 86 W. Va. 322, 103 S. E. 333.

The decree of the circuit court, dismissing the bill, will therefore be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*