Glenn Huey *v.* E. A. Rinehart, *Receiver, etc.*

(CC 525)

Submitted April 30, 1935. Decided May 28, 1935.

*John R. Hickel* and *Blue, Dayton & Campbell,* for plaintiff.
*Louis A. Henderson, Clyde C. Ware* and *John S. Stump, Jr.,* for defendant.

310

LITZ, PRESIDENT:

This is a suit in equity by a depositor of an insolvent bank against the bank and its receiver to establish a preference in his favor as a creditor of the bank.

The ruling of the trial court, sustaining a demurrer to the bill, was certified under section 2, article 5, chapter 58, Code 1931.

The bill charges that The First Citizens National Bank of Pennsboro, West Virginia, because of financial stress, on October 16, 1931, suspended payment of checks drawn on it; that upon agreement of more than 90% of its depositors to refrain, during the period of its rehabilitation (not exceeding four years), from demanding payment of their then existing deposits, the bank, by resolution, duly entered, October 26, 1931, obligated itself to hold and preserve, all future deposits as trust funds in favor of the depositors thereof until it or its successor should become fully rehabilitated or be finally liquidated; that defendants, First Citizens Bank of Pennsboro, organized as successor of The First Citizens National Bank, on January 2, 1932, with the approval of the state commissioner of banking, acquired the assets and assumed the liabilities of the National Bank; that thereafter, the Citizens Bank maintained cash deposits equal to the total deposits made under the trust fund resolution as trust funds in favor of the depositors thereof until May 1, 1932, when it loaned from said funds $10,000.00; that a receiver was appointed for the bank July 17, 1933, at which time $33,470.13 of $44,120.70, deposited (and not withdrawn) under the trust fund resolution, remained in cash; that there is due plaintiff, as depositor under the trust fund resolution, $1,613.84; that he has, without avail, demanded payment thereof from the receiver; and that plaintiff is entitled to prosecute this suit for the purpose of establishing a preference in his favor under the trust fund resolution.

The bill prays that a preference be decreed in favor of plaintiff for the money deposited by him under the trust fund resolution, and that defendant be required to account to him for the same.

The demurrer to the bill was sustained upon the theory that the purpose of the suit is to oust the receiver and place the liquidation of the bank under the supervision and control of the court in contravention of section 32, article 8, chapter 31, Code 1931, and the decisions in the cases of *Charter* v. *Kump,* 109 W. Va. 33, 152 S. E. 780; *Picklesimer* v. *Morris,* 101 W. Va. 127, 132 S. E. 372; and *Timmons* v. *Peoples Trust Company,* 114 W. Va. 618, 173 S. E. 79, 81. The sole object of the bill, properly interpreted, is, in our opinion, to establish a preference in favor of plaintiff as a creditor of the bank which will be observed by the receiver in the administration of its assets. The jurisdiction of the courts for this purpose has been recognized in *Reams Drug Store* v. *Bank of Monongahela Valley,* 115 W. Va. 66, 174 S. E. 788; *City of Grafton* v. *Grafton Banking & Trust Co.,* 114 W. Va. 721, 173 S. E. 775; *County Court of Greenbrier County* v. *Bank of Williamsburg,* 114 W. Va. 703, 173 S. E. 784.

The ruling of the circuit court is reversed and the cause remanded.

*Reversed and remanded.*