JESS L. TURNER *v.* A. E. ROSENBURGER *et al.*

(No. 8652)

Submitted March 8, 1938.   Decided April 5, 1938.

*W. T. Lovins,* for appellants.

*F. M. Livezey,* for appellee.

MAXWELL, PRESIDENT:

By this suit, Jess L. Turner, plaintiff, seeks to obtain a decretal judgment against A. E. Rosenburger on notes in the amount of $700.00, with interest, and to set aside as fraudulent a deed of trust made by him, December 15, 1933, conveying his undivided one-half interest in real estate located in Huntington, West Virginia, to W. T. Lovins, trustee, to secure Chattie Germain in the approximate sum of $10,000.00. The defendants are A. E. Rosenburger and his wife, Sadie, W. T. Lovins, trustee, and Chattie Germain. By decree of December 1, 1936, the chancellor found for the plaintiff against Rosenburger for $906.50; decreed that the judgment be a lien on his interest in the Huntington realty; and cancelled and set aside, as to the adjudicated debt, the said trust deed. From this decree, defendants were granted an appeal.

The notes sued on are not secured by the Huntington property, but by real estate situated in Catlettsburg, Kentucky. They had their inception in December, 1931. Henry Porter, as maker thereof, delivered them to H. E. Turner, payable to him, for the purchase of certain real estate in Mason County, West Virginia. Turner assigned the notes to E. D. Tomlinson and he, in turn, assigned to Mollie J. Parsons. Plaintiff now claims ownership of the notes by virtue of assignment from Mollie Parsons. The notes carry the indorsements of H. E. Turner and E. D. Tomlinson. The assignment from Tomlinson to Mollie Parsons was in consideration of a conveyance to him by her of a residence property in Catlettsburg, Kentucky, dated February 16, 1932. Concurrently therewith Tomlinson and his wife executed a mortgage on the Kentucky real estate to secure the payment of these notes. They are further secured by a second deed of trust on certain building lots in Mason County, West Virginia,

which trust was made December 31, 1931, by Henry Porter to W. E. Mullens, trustee, for the benefit of H. E. Turner.

On March 14, 1932, Tomlinson and wife conveyed the Kentucky mortgaged real estate to Rosenburger, principal defendant. By the terms of the deed, in part consideration for the grant, the grantee assumed the debt represented by the notes aforesaid.

In March, following the execution of the Tomlinson-Rosenburger conveyance, plaintiff acquired the mortgage notes from Mollie Parsons by delivery, without indorsement of the latter.

Plaintiff and her husband, C. B. Turner, say that she purchased the notes from Mollie Parsons, relying on the provisions of the deed from Tomlinsons to Rosenburger and on the latter's oral statement to them that he had assumed the payment of the notes. Rosenburger denies having made this assertion. C. B. Turner testified that two of the notes became due in July, 1932, at which time demand was made of Rosenburger; that Rosenburger advised him that the Kentucky property would have to stand for the payment of the notes. No demand has been made by plaintiff of Henry L. Porter, H. E. Turner or E. D. Tomlinson, nor has she instituted foreclosure proceedings against either the Kentucky or the Mason County properties for the purpose of obtaining satisfaction of these notes.

December 15, 1933, Rosenburger and his wife executed to W. T. Lovins, trustee, the deed of trust challenged by the plaintiff, conveying jointly owned real estate in Huntington, to secure the payment of approximately $10,-000.00 to Chattie Germain, sister of Rosenburger. This deed of trust is subordinate to a lien of approximately $6,800.00 in favor of Connecticut General Life Insurance Company on the same property.

The suit at bar is not a foreclosure proceeding against the mortgaged property, but an effort to have plaintiff's debt, evidenced by the mortgage notes, declared to be a

personal obligation of A. E. Rosenburger and paid from his Huntington property.

By the trial chancellor's decree, plaintiff was granted leave to move for a decree of sale of the Huntington real estate as prayed for in her bill of complaint, at the next term of that court, in the event the judgment decreed is not by that time paid.

Plaintiff proceeds on the basis that under the terms of the deed of Tomlinson and wife to Rosenburger she is entitled initially to prosecute her claim against Rosenburger for collection of the notes.

Rosenburger and his co-defendants take the position first, that, this being a suit primarily on the notes, not bearing his indorsement, it is necessary that Porter, maker, and Tomlinson and H. E. Turner, indorsers thereon, be made parties to the suit. Further, that title to the Huntington property is not before the court in that R. O. Fowler and H. Watson Starcher, trustees in the Life Insurance Company trust, were not parties. Also, that Mollie Parsons, mortgagee, and Amanda Tomlinson, co-mortgagor, are necessary parties, none of whom are before the court. Secondly, the defendants contend that Rosenburger was, by misrepresentation of E. D. Tomlinson, fradulently induced to accept the deed from the Tomlinsons to him.

Obviously the plaintiff could not recover at law against A. E. Rosenburger on the notes in suit, because his assumption of liability under the Tomlinson deed was not for the sole benefit of the plaintiff. Code, 55-8-12; *King* v. *Scott*, 76 W. Va. 58, 84 S. E. 954; *Hamilton* v. *Wheeling Public Service Co.*, 88 W. Va. 573, 107 S. E. 401, 21 A. L. R. 433.

It follows that the plaintiff must sue in equity for the ascertainment and enforcement of any rights she may have against Rosenburger. The equitable principle whereon such suit is grounded is subrogation. "It seems to be very well established that where one person agrees with another to be primarily liable for a debt owing by that other to a third person, so that as between the

parties to the agreement the first is the principal and the second becomes the surety, the creditor is entitled in equity to be substituted in his place for the purpose of compelling the party who thus becomes principal to pay the debt. In other words, equity will reach out and secure the fund and apply it where it should ultimately go. This question was elaborately discussed in the case of *Keller* v. *Ashford,* 133 U. S. 610, 10 S. Ct. 494, 33 L. Ed. 667." *Petty* v. *Warren,* 90 W. Va. 397, 402, 110 S. E. 826, 828.

The plaintiff, coming into equity on the doctrine of subrogation, must bring before the court all persons whose rights are involved or may be affected. Manifestly, E. D. Tomlinson is a necessary party because the equities between him and Rosenburger must be determined in order that the chancellor may know whether Tomlinson has rights to which the plaintiff may be subrogated.

Other persons named above, to-wit, Henry L. Porter, H. E. Turner, W. E. Mullens, trustee, and Mollie J. Parsons, may be affected by the determination of the tripartite controversy between the plaintiff, Tomlinson and Rosenburger. Therefore, these omitted persons should be parties to this suit. "Generally, all persons whose interests may be adversely affected thereby should be made parties to a suit in chancery." *County Court v. Bank,* 114 W. Va. 703, 173 S. E. 784. In agreement: *Murray* v. *Price,* 114 W. Va. 425, 172 S. E. 541. Also, if the plaintiff desires further to attack the deed of trust of Rosenburger and wife to Lovins, trustee, it is advisable that there be brought in as parties defendant the trustees and beneficiary under the prior deed of trust executed by the Rosenburgers.

Rosenburger testified that he and his wife conveyed the Kentucky real estate to H. E. Turner by deed dated July 2, 1932; that as part consideration therefor Turner assumed the payment of the mortgage notes in suit and also gave to Rosenburger four notes, aggregating $1,-048.00, signed by Turner as maker and payable to Rosen-

46

burger; and further, that Turner re-delivered the deed to him, but that the latter still holds the Turner notes. There is much force to the defendants' contention that this affords additional reason why H. E. Turner should be a party to the suit.

For reasons thus presented, we are of opinion that the demurrer to the bill should have been sustained, with leave to the plaintiff to amend the same.

The decree of the trial court, entered December 1, 1936, is reversed and the cause remanded for further proceedings not at variance herewith.

*Reversed and remanded.*