## CHARLESTON.

### McDougal v. Musgrave.

### Submitted February 4, 1899—Decided April 22, 1899.

1. Deed—*Construction—Estate for Life.*

   Where a party conveys a lot of land, for valuable considera-
   tion, to another, describing it, and concluding the deed with the
   following clause: "To have and to hold said real estate and
   premises with all the right, title, and interest of the said M.
   unto the said T. M., his heirs and assigns, forever. But the said
   M. expressly reserves to herself a life estate in and to the above
   described real estate,"—said last clause will not be regarded as
   repugnant and void, and M. will thereby reserve a life estate
   therein.   (p. 511).

2. Deed—*Construction—Ejectment—Estate for Life.*

   In an action of ejectment, a deed of this character should be so
   construed as to arrive at the true intent of the grantor and
   grantee, and in so doing the whole of the deed and all its parts
   should be considered together.   (p. 513).

3. Taxation—*Estate for Life—Forfeiture.*

   Where a life tenant and the remainder-man are in possession
   of real estate which is assessed in the name of the remainder-
   .man, and the taxes are paid by him, the estate of said life ten-
   ant will not be forfeited to the State by reason of his failure to
   have said life estate assessed on the land books, or to pay the
   taxes thereon.   (p. 514).

Error to Circuit Court, Ritchie County.

Action by Mary M. McDougal against Charles A. Mus-
grave.   Judgment for plaintiff.   Defendant brings error.

*Modified and Affirmed.*

Robinson & Pierpoint and J. Willis Fidler, for plaintiff
in error.

P. W. Morris, for defendant in error.

English, Judge:

On the 26th of February, 1881, Mary M. McDougal con-
veyed to T. T. McDougal, of Ritchie County, W. Va., a cer-
tain lot in the town of Harrisville, in said county, known as

"Lot No. 6," in consideration of the sum of one hundred and six dollars, the habendum of said deed being in the following words: "To have and to hold said real estate and premises, with all the right, title, and interest of the said Mary M. McDougal, unto the said T. T. McDougal, his heirs and assigns, forever;" and immediately thereafter the deed contains these words: "But the said Mary M. McDougal expressly reserves to herself a life interest in and to the above-described real estate." On January 26, 1891, the said McDougal conveyed the same lot to Charles A. Musgrave, which deed concluded thus: "But it is expressly understood by and between the parties that the said Thomas T. McDougal reserves for his mother her life interest in and to the premises hereby conveyed, and the parties of the first part hereby covenant and agree to warrant generally the title to the property hereby conveyed." It appears that said Mary M. McDougal and Charles A. Musgrave (who was her son-in-law) lived together on this lot No. 68 for some years, when she left the premises, and on the 1st day of May, 1897, instituted an action of ejectment against the said Charles A. Musgrave, which was tried by a jury on November 2, 1897, and resulted in a verdict for the plaintiff. The defendant, Charles A. Musgrave, moved the court to set aside the verdict, and grant him a new trial, because the same was contrary to law and the evidence, which motion was overruled, and judgment rendered on the verdict. The defendant objected and excepted, and obtained this writ of error.

The first assignment of error claims that the court erred in overruling the defendant's demurrer to the plaintiff's declaration, and raises the question as to whether the declaration sufficiently alleges the estate of the plaintiff under section 9, chapter 90, Code (page 700), which reads as follows: "The plaintiff shall also state whether he claims in fee, or for his life, or for the life of another, or for years, specifying such lives or the duration of such term, and when he claims an undivided share or interest, he shall state the same." The language used in the declaration is: "The said plaintiff was possessed in a life interest of a certain tract of land, to have and to hold the said tract of land for the term of said plaintiff's natural life, which life interest is not yet terminated, said plaintiff being yet living."

Now, while it is true that the plaintiff might have stated the character of the estate claimed in fewer words, I think the declaration is sufficient to show that the plaintiff claimed an estate for her life in the premises, and the demurrer was properly overruled.

The plaintiff in error claims that the court erred to his prejudice in giving several instructions to the jury at the instance of the plaintiff and in refusing others that were prayed for by him. When our attention is directed to these questions, it is at once apparent that the main question upon which this case turns depends upon a proper construction of the deed from the plaintiff, Mary M. McDougal, to T. T. McDougal, and whether by that deed she parted with her entire estate in the lot of land in controversy, or reserved a life estate therein. If the latter, then T. T. McDougal, by his deed to the defendant, Musgrave, could convey no other or better title than was vested in himself, but in said last-mentioned deed McDougal also reserves for his mother her life interest in the premises. This, however, was not necessary, if such life estate was reserved in said deed to T. T. McDougal, for, as we have stated above, his conveyance would be subject to the life estate.

It is claimed by counsel for the plaintiff in error that the plaintiff in her deed to T. T. McDougal attempted in the habendum clause, after conveying all of her interest in said lot in the granting clause, to reserve to herself a life interest in and to said lot, which reservation found in the habendum is repugnant to the premises, and is therefore void. I regard the conclusion of this deed as an exception or reservation of the life estate in the grantor. I, however, do not regard this reservation as being contained in the habendum. The language of that is: "To have and to hold said real estate and premises, with all the right, title, and interest of the said Mary M. McDougal, unto the said T. T. McDougal, his heirs and assigns, forever." At this point the habendum evidently concludes, and what remains is called the "reddendum," in reference to which Devlin on Deeds (volume 1, section 221) says: "The clause of reddendum generally follows the habendum, and is used when anything is to be reserved out of the property granted." Strictly speaking, this final clause would be regarded as an exception. In the section last referred to,

Devlin says: "There is a distinction between an exception and a reservation. By the former the grantor withdraws from the operation of the conveyance which is in existence, and included under the terms of the grant." So, in this case, but for this clause, an absolute conveyance of the title would have been made. The exception, however, is added, and excludes the life estate from the operations of the deed, retaining it in the grantor. Minor, in his Institutes (705, vol. 2), speaking of the habendum, says: "The office of the habendum is to determine what estate or interest is granted by the deed, although it may be, and generally is, stated in the premises, in which case the habendum may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises. In case of such irreconcilable repugnancy, the premises generally prevail, for the habendum cannot devest an estate already vested by the premises,"—citing 2 Bl. Comm. 298, etc. An exception to this general doctrine is suggested by the case of *Humphrey* v. *Foster*, 13 Grat. 653, arising out of the statute of Virginia dispensing with words of limitation, and declaring that every conveyance passes a fee simple unless "a contrary intention shall appear by the conveyance," etc. (This statute, in substance, is found in our Code, chapter 71, section 8.) "In the conveyance referred to the deed conveyed the land to the grantor forever, habendum for life; and it was held that, as the premises only conveyed a fee by virtue of the statute, and by the statute the whole deed is to be looked to in order to ascertain what was intended to be passed, the habendum was not void, but only a life estate passed by the deed." In section 222, 1 Devl. Deeds, it is stated: "In every good reddendum or reservation there should be a concurrence of several things. One is, that the reservation must be made to the grantor, or to one of the grantors in a deed, and not to a stranger. Another is that it must be out of the estate granted, and not out of something extraneous." Neither of these requisites is wanting in this case. Kerr, in his valuable work on real property (volume 1, section 558), says: "A life estate may be created by reservation as well as grant. Thus, where land is granted reserving to the grantor the use and control of the lands during his natural life, the reservation creates a life estate in the land granted,"

—citing several authorities. Our statute referred to provides that "where any real estate is conveyed, devised or granted to any person without any words of limitation, such devise, conveyance or grant shall be construed to pass the fee simple of the whole estate or interest which the testator or grantor had power to dispose of in such real estate unless contrary intention shall appear by the will, conveyance or grant." So this Court held in *Hurst* v. *Hurst*, 7 W. Va. 289: "In ejectment the deed should be so construed as to arrive at the true intent of the grantor and grantee, and that in so doing the whole of the deed and all its parts should be considered together." Hayman, Judge, in delivering the opinion of the Court, said: "I apprehend, when the owner of .land in fee simple conveys the land in fee simple, reserving therein a life estate, it should be construed as meaning an estate for the life of the grantor is reserved;" citing *Webster* v. *Webster*, 33 N. H. 22. He also says: "If anything is to be reserved out of the property granted, it is usually done by the clause of reddendum as it is called, which commonly follows that of the habendum." See 3 Washb. Real Prop. (4th Ed.) p. 645. In the case at bar there can be no question as to the intention of the parties, not only by taking the deed by the four corners, and reading all of its parts, but it is shown that T. T. McDougal understood that his mother intended to reserve a life estate in the lot in the conveyance made by her to him by the fact that when he conveyed the property to the plaintiff in error he reserved for his mother her life interest in same, which he would not have attempted had he thought he owned the fee simple. In view of the authorities above quoted, I conclude that Mary McDougal, in the conveyance made to T. T. McDougal, excepted therefrom and reserved to herself a life estate therein.

During the trial several instructions were asked for and given at her instance to the jury by the plaintiff, over the objection and exception of the defendant, and, without setting them forth in full, I will say that instructions Nos. 1 and 2 involve the construction of the deed from plaintiff to T. T. McDougal, and, under the construction I have placed on same, were properly given. By instruction No. 3 the plaintiff asked the court to instruct the jury that: "If they believe from the evidence that prior to and at the time of

the institution of this suit the plaintiff had a life estate in the premises in controversy, and that during the time she so had such life estate she permitted the defendant to enter upon said premises, and become her tenant therein, then the jury is instructed that an assessment of said property in the name of the defendant, the tenant aforesaid, and the payment of the taxes on the property by such defendant while such tenancy continued, and before the plaintiff had any notice of a hostile holding of the premises by the defendant, would be a payment of the taxes for the plaintiff, and would innure to her benefit, and prevent a forfeiture of said land for failure to assess in her name." This instruction seems to state the law correctly, and I see no valid objection to it. Instruction No. 5 relates to the forfeiture of said lot by Mary McDougal's failure to have her life estate assessed, and claims—correctly, I think—that such failure would not work a forfeiture of her life estate under the circumstances, as, the entire property being assessed to the defendant, the State would thereby receive its taxes, and this instruction, I think, was properly given. No. 6 relates to the improvements made by the defendant on the property, and was proper for the reason that the defendant could not improve her out of her estate. Nos. 8 and 9, given at the plaintiff's instance, relate to adverse possession, and propound the law correctly, and were properly given. The court refused to give to the jury, at the instance of the defendant, instructions Nos. 1 and 5. No. 1 asked that the court instruct the jury that the deed from plaintiff to T. T. McDougal was an absolute conveyance, and the pretended reservation was void and inoperative, the same in substance. For reasons already given, in my opinion they were properly rejected.

It is claimed that the judgment and verdict are informal and insufficient. When the verdict is looked to, we find the jury used this language: "We, the jury, find for the plaintiff the premises in the plaintiff's declaration mentioned, namely (describing lot No. 68 by metes and bounds). We further find for the plaintiff, Mary M. McDougal, a life estate for the term of her natural life in the tract of land in the plaintiff's declaration mentioned and described, and we also find the defendant, Charles A. Musgrave, guilty of unlawfully withholding from the plaintiff possession of

said lot or tract of land as in the plaintiff's said declaration is alleged." The point is made that the judgment does not conform to the verdict, which I regard as well taken. This court, will, however, correct and modify said judgment so as to read: "It is considered by the court that the plaintiff recover of the defendant the possession of the premises described in the verdict of the jury for the term of her natural life, and, being so amended and corrected, the judgment is affirmed."

*Affirmed.*