# CHARLESTON

## KING v. SCOTT.

### Submitted February 23, 1915.    Decided March 23, 1915.

1. CONTRACTS—*Persons Entitled to Sue—Privity.*
      Sec. 2 of ch. 71 of the Code, serial sec. 3740, does not authorize one not a party to a contract made for his benefit to sue thereon in a court of law, unless such contract was made for his sole benefit. (p. 59).

2. SAME—*Persons Entitled to Sue—Privity—Lien Creditor of Grantor —Action Against Grantee.*
      A lien creditor of the grantor in a deed by which the land subject to the lien has been conveyed to a third person, in consideration of a certain sum in cash, and his assumption of the valid liens thereon and agreement with the vendor to settle the same, cannot maintain an action at law against the grantee, on such deed, for recovery of the amount of his lien on the land. (p. 59).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Randolph County.

Action by O. J. King against C. H. Scott. Judgment for plaintiff, and defendant brings error.

*Reversed, Verdict Set Aside, Action Dismissed.*

*H. G. Kump,* for plaintiff in error.

*Arnold & Arnold,* for defendant in error.

POFFENBARGER, JUDGE:

The judgment against Scott, brought here for review, is for a debt originally made by Robert G. Read, Nora S. Read and O. J. King in favor of The Randolph National Bank. The bank recovered a judgment against all of them, which was satisfied by King, an endorser on a note executed by Robert G. Read, payable to Nora S. Read and first endorsed by her.

King claims Scott is liable for this debt by virtue of the provisions of a deed by which Nora S. Read and her husband conveyed to him a tract of land, in consideration of the sum of $1000.00 in cash and his assumption of all of the valid liens upon it, as set out and decreed in the chancery cause of the R. D. Johnson Milling Co. against W. J. Read and Nora S. Read. In that suit, King appeared and set up his right to be subrogated to the benefit of the bank's judgment against Nora S. Read, and, before the date of the deed, the court, awarding the relief sought by his petition, had made his claim a lien on the land. An order of sale of the land for satisfaction of the liens thereon had been executed, but confirmation of the sale was defeated by an up-set bid put in by William J. Read and C. H. Scott. Later Read and his wife conveyed the land to Scott by the deed here described.

After this conveyance, there was an appeal from the decree by which the land had been ordered to be sold, but it was dismissed. Still later, by some procedure in the chancery cause, the decree of sale was set aside and the cause again referred to a commissioner. Scott's offer of copies of these decrees and proceedings, as evidence in his behalf, was rejected and the court, deeming his liability to have been fixed by the terms of the deed, directed a verdict against him. In so doing the court based its action on sec. 2 of ch. 71 of the Code, serial sec. 3740, the purpose of which was relief from a common law defect revealed by the opinion in *Ross* v. *Milne,* 12 Leigh. 204.

A stranger to a contract cannot sue on it, by virtue of this statute, unless it was made primarily for his benefit. "In case where the covenant referring in any manner to a third

person or stranger, was only incidental to the covenants between the parties thereto, and not intended by them to make any provision for such third person or stranger, it would be unjust to the parties and inconvenient in practice, to permit such strangers to thrust themselves into the private affairs of others, and to demand the production of private contracts and sue thereon.'' *Johnson* v. *McClung*, 26 W. Va. 659. The covenant in that case reads as follows: "D. G. McClung and J. B. Anderson hereby assume one-half of the indebtedness for power, spinner, looms and other machinery purchased by D. G. Johnson & Co. for the sum of $700.00 in specie of Mr. David Johnson.'' Of this covenant, the court said: "Used in the connection it is, the word, 'assumed' does not mean, that the new members would pay that amount to David Johnson, but would pay it to D. G. Johnson & Co., the members of the old firm.'' Construing said statute found in the Code of 1849 and remaining unchanged in Virginia, the supreme court of that state holds as follows: "Where a debtor sells and conveys property to a purchaser, who, as part of the consideration, covenants that he will pay certain debts of his grantor, and the purchaser conveys to a second purchaser, who likewise, as a part of the consideration for the conveyance to him, covenants that he will pay the said debts of the original grantor, a motion for a joint judgment at law in favor of such creditor against the original debtor, and each of such purchasers, who have successfully covenanted to pay the debts, cannot be maintained.'' *McIlvane* v. *Big Stony Lumber Co.*, 105 Va. 613.

In the use of the word "sole", the legislature seems clearly to have intended to avoid a double right of action against the covenantor or promissor, on account of a single consideration. As has been stated, the statute was passed to relieve, as far as practicable, from the defect disclosed by the opinion in *Ross* v. *Milne*, in which Judge Tucker warned against such a consequence, saying: "But this leads to one of two consequences, either that the recovery here would not be a bar to the suit of the representative of Mrs. Smith, or it would be a bar. If it would not be a bar, then the defendant would be twice charged; if it would be a bar, then the representative of the promisee would be concluded by a proceeding to which

he is no party." This however, was only one of the grounds
upon which right of recovery in that action was denied. A
technical common law rule forbade an action upon a con-
tract by a stranger to it, unless the consideration moved from
him, even though made for his sole benefit. It might be made
incidentally for his benefit and yet another might have a right
of action upon it. In such case, there would be an exposure
to two actions, one by each person benefitted, if the statute
allowed an action to any person merely benefitted. But the
limitation of the right of action to the person for whose sole
benefit the contract was made remedies the common law defect
without such exposure. In his discussion of the opinion in
*Jones* v. *Thomas*, 21 Gratt. 96, Judge JOHNSON said in *Johnson*
v. *McClung*, cited: "But I am convinced that both would not
under the statute be entitled to maintain an action. If one
could sue on it, the other could not. It was not intended for
the benefit of both in the sense that either could sue on it."
And though other reasons for his conclusion in that case were
given, he carefully guarded against exposure to double
actions for the same thing. That one who conveys property
to another in consideration of the latter's assumption of a
lien thereon may sue the grantee on the covenant to pay the
lien is well settled. *Jones* v. *Thomas*, 21 Gratt. 96; *Ross* v.
*Milne*, 12 Leigh 204.

The material difference between rights of action on deeds
poll and deeds *inter partes* does not relieve the situation. As
to the former, the rule is more liberal, but a promise or
covenant to pay the third party, or the equivalent thereof, is
essential. In *Johnson* v. *McClung*, the absence of any promise
to pay to David Johnson was observed and considered
practically decisive. In *Jones* v. *Thomas*, the instrument
relied upon was under seal and signed by the obligor only.
The debt it evidenced was originally due from W. A. Jones
to G. W. Jones and it bound Abijah Thomas to pay it.
Though both Joneses were named in it, the court held W. A.
Jones could recover the amount from Thomas on his obligation
to pay it, notwithstanding the money would go ultimately
to G. W. Jones. The execution of the paper was incidentally
beneficial to G. W. Jones, for Thomas assumed the debt due
him, but he assumed it as part of the consideration for land

purchased at the same time from W. A. Jones, it having been a purchase money lien thereon. Hence the contract was primarily for the benefit of W. A. Jones to whom the paper was delivered, and it could not have been for the sole benefit of G. W. Jones. In *Land Company* v. *Newberry,* 95 Va. 119, the court expressed this view harmonizing with those here stated: "If one of the objects of the statute was to abolish the distinction between deeds *inter partes* and deeds poll in the respect referred to, and to bring the former within the rule of the common law applicable to the latter, it was clearly not intended to change that part of the rule that only a person named or definitely pointed out in a deed as the beneficiary can sue thereon, and this was not its effect. The statute does not enable one, who is not a party to the deed, to maintain an action thereon, unless he is plainly designated by the instrument as the beneficiary, and the covenant or promise is made for his sole benefit."

The deed here involved neither names any creditors nor indicates them otherwise than by reference to the decree. The acceptance thereof bound the grantee to "assume and settle" only the valid liens so set out. Obviously this covenant was made with the grantors and primarily for their benefit, and only for the incidental benefit of the lienholders. Moreover, the covenant was not absolute for it was to pay only the valid liens, and the covenantor was expressly relieved from payment of any lien that should be rejected on an appeal.

As interpreted by the plaintiff, the statute would permit him to recover here, on this deed, a sum of money the right to which may still be in litigation in another suit. If he has any right of action, it accrued at once on the delivery of the deed, when the right of appeal had not expired, and he could then have recovered, notwithstanding the possibility of a reversal of the decree and rejection of his claim as a lien on the land, and in spite of the provision relieving the grantee from obligation as to it, in that event.

His remedy is obviously in the equity suit in which he has asserted his claim. There he will ultimately obtain such relief as he is entitled to, in such manner as will amply protect the rights of all other interested parties.

For these reasons, the judgment complained of will be reversed, the verdict set aside and the action dismissed, but without prejudice to King's right to have recourse to the land mentioned and described in the deed, for the enforcement of any right he may have respecting the same.

*Reversed, Verdict Set Aside, Action Dismissed.*