# CHARLESTON.

### R. E. PETTY v. C. B. WARREN et al.

## Submitted February 21, 1922. Decided February 28, 1922.

1. REFORMATION OF INSTRUMENTS—*Equity May Reform a Contract for Mutual Mistake, But Not one Fully Executed in the Manner in Which it is Sought to be Reformed.*

   While a court of equity has jurisdiction to reform a contract because of mutual mistake, there must be some practical reason for such reformation. If it appear that the contract which it is sought to have reformed has been fully executed by the parties in accordance with the contention of him who seeks reformation, a court of equity will not take jurisdiction to have the writing corrected so as to show the real agreement as the same has been fully executed by the parties. (p. 400).

2. CONTRACTS—*One Not a Party Nor in Privity Cannot Maintain Law Action Thereon, Unless Contract was for His Sole Benefit.*

   One not a party to a contract nor in privity with either

of the parties thereto may not maintain a suit at law thereon, unless the promise or undertaking relied upon is made for his sole benefit.     (p. 400).

3.   SAME—*Buyer's Promise to Pay Seller's Debt to Third Party is Not for Third Party's Sole Benefit.*

A promise made by a purchaser of personal property to pay a debt which the seller owes for such property to a third party is not for the sole benefit of such third party. (p. 401).

4.   SAME—*Creditor May Recover from One Agreeing to Become Primarily Liable for Another's Debt.*

Where one agrees with another to become primarily liable for a debt due from that other to a third person so that as between the parties to the agreement the first becomes the principal and the second the surety, the creditor may in equity upon the doctrine of subrogation, maintain a suit to recover the amount of such debt from the person so assuming to pay the same.     (p. 401).

Appeal from Circuit Court, Logan County.

Suit by R. E. Petty against C. B. Warren and others. From a decree sustaining a demurrer to and dismissing the bill, plaintiff appeals.

*Reversed; Demurrer overruled; Remanded.*

*E. L. Hogsett* and *Livezay & McNeer*, for appellant.

*Lilly & Shrewsbury*, for appellees.

RITZ, JUDGE:

Plaintiff by this appeal seeks reversal of a decree of the Circuit Court of Logan county sustaining a demurrer to and dismissing his bill.

It is alleged in the bill that on the 16th of June, 1917, the plaintiff together with three associates purchased all of the stock of the E. R. Johnson Coal Mining Company for the sum of $165,000, of which $20,000 was paid in cash, and the balance to be paid in certain instalments mentioned in the contract; that under said contract the plaintiff was the owner of one-fourth of the stock of said company, and that on the 27th of July, 1917, by written contract, he assigned and transferred his one-fourth interest to the defendant

C. B. Warren. He alleges that Warren in making this arrangement was acting for himself and the defendant Victor Curry; that the agreement between him and Warren was that Warren should assume and pay all of the obligations of the plaintiff under the terms of his contract of purchase, and in addition thereto should pay him the sum of $10,000, $5000 of which was paid in cash, and the balance to be paid in two equal instalments of $2500 each in six and twelve months from date; and in addition pay a certain note of the plaintiff's due at the First National Bank of Logan, West Virginia, for the sum of $5000, which represented the $5000 which the plaintiff had procured to pay his one-fourth of the cash payment, but that in drawing the contract there was inadvertently omitted therefrom the requirement that Warren was to pay off this $5000 note at the bank; that Warren subsequently transferred one-half of the interest thus acquired by him from the plaintiff to the defendant Victor Curry by a contract in writing, by the terms of which the said defendant Victor Curry assumed one-half of the obligations which the said defendant Warren had undertaken in his contract with the plaintiff, and in which it was particularly mentioned that the said Victor Curry was to pay one-half of the $5000 note due at the bank as aforesaid; that shortly thereafter the defendant Warren sold his other half interest in the one-fourth of the stock purchased from the plaintiff to the defendants J. L. Curry and George Steele, they assuming in the contract in writing by which the interest was transferred to them to pay the other one-half of the obligations that Warren was under by virtue of his contract with this plaintiff, and specifically mentioning the obligation to pay the $5000 note above referred to. The bill further alleges that since the said transfer by the said Warren to Victor Curry of one-half of the one-fourth interest, and to J. L. Curry and George Steele of the other one-half thereof, they have paid the said $5000 note, and have also paid the first instalment of $2500 due in six months from the date of the contract, but that the second instalment of $2500 still remains unpaid, and that the defendant Warren is insolvent. The plaintiff prays

that he may have a decree reforming the contract between him and the defendant Warren so as to make it specifically provide for the payment of the $5000 note held by the bank, and also a decree against Victor Curry for one-half of the $2500 remaining unpaid, and against the defendants J. L. Curry and George Steele for the other one-half thereof. To this bill the defendants demurred, and the court sustained their demurrer. The plaintiff declined to make any amendment to the bill, and the same was dismissed.

The plaintiff insists that he is entitled to maintain this suit for the purpose of reforming the contract made between him and Warren, and also for the purpose of recovering the $2500 remaining unpaid to him by virtue of the terms of that contract, and that he is entitled to have decree against the other defendants for this sum by reason of their agreeing to pay it in the contract by which they purchased the interest from Warren, while the defendants contend that he is not entitled to have reformation of the contract for the reason that the bill alleges that it has already been executed in accordance with his contention, and to reform it would be doing a useless thing, and that he is not entitled to go into a court of equity for a decree for the balance due from the defendants for the reason that his remedy at law is adequate.

While it is true that reformation of written contracts is a well-recognized ground of equity jurisdiction, still it is also true that there must be some practical question involved before a court of equity will take jurisdiction. In this case the plaintiff alleges that the written contract between him and Warren did not contain a provision requiring Warren to pay off the $5000 note due by him at the First National Bank of Logan as it was agreed that he should do, and plaintiff also avers that notwithstanding this was omitted from the contract between him and Warren, it was inserted in the contracts which Warren made with the parties to whom he sold the interest procured by him from the plaintiff, and that these parties have paid off and discharged the $5000 note. It is difficult to perceive upon these allegations what advantage it could be to the plaintiff to have a reformation of the contract. It has been fully executed in accordance

with his contention. There is no allegation that the note is outstanding anywhere, or that the defendants who paid it off are asserting it, or intending to assert it against him. It may be that if the bill had alleged that this note had been taken up by them, and that they are holding it as a debt against him, or that they are likely to transfer it to someone else who might attempt to enforce it against him, a court of equity would compel its cancellation and surrender to him, but there are no such allegations in the bill.

Can the jurisdiction in equity be sustained to collect the instalment of $2500 remaining unpaid to the plaintiff upon his contract with the defendant Warren? In the contracts which Warren made it is provided, according to the allegations of the bill, that the purchasers shall pay each one-half of this $2500 instalment, and it is averred that they have not done so. It is insisted by the defendants that the plaintiff, if he has any right to recover this sum at all, could do it in an action at law; while the plaintiff insists that because there is no privity of contract between him and the defendants who are now primarily obliged to pay this money, he may not maintain an action at law to recover the same. It is true §2, ch. 71 of the Code provides, among other things, that if a covenant or promise be made for the sole benefit of a person with whom it is not made, such person may maintain an action thereon in his own name, and if this promise to pay the $2500 is for the sole benefit of the plaintiff then undoubtedly he could maintain an action at law thereon, and there would be no occasion to resort to a court of equity. The case of *Nutter* v. *Sydenstricker,* 11 W. Va. 535, is relied upon by the defendants as authority for the contention that an action at law might be maintained under the circumstances averred in this case. We do not think that case is authority for the proposition which it is cited to support. It is true that was an action at law, but the jurisdiction was sustained largely upon the fact that Nutter was surety for Sydenstricker in a forthcoming bond, and that having been compelled to pay off the amount secured by the forthcoming bond he had a right to maintain his action against Sydenstricker to recover the amount so paid

by him.  The case we have here is very much like the case
of *Johnson* v. *McClung,* 26 W. Va. 659.  In that case the
agreement sued on provided specifically that the parties, to
whom certain property was sold, assumed to pay one-half
of certain indebtedness to David Johnson amounting to
$700.  An action at law was brought by David Johnson upon
this writing to which he was not a party, and the court held
that he could not maintain the same, for the reason that he
was not a party to the contract, and that there was no priv-
ity between him and the defendant, and that the promise
was not for his sole benefit so as to bring it within the pro-
visions of §2, ch. 71 of the Code above referred to.  A similar
holding was made by this Court in the case of *King* v. *Scott,*
76 W. Va. 58.  We are of opinion that under the holdings
in these cases the plaintiff could not maintain an action at
law against the defendants Currys and Steele upon the
promise made by them to Warren.  Their undertaking was
certainly as much for the benefit of Warren as it was for
plaintiff's benefit.

It only remains to inquire whether equity has jurisdiction
to furnish him any relief against these defendants.  The
situation of the defendants, by reason of their contracts, is
that while Warren was originally primarily liable for this
$2500, the other defendants have assumed the primary lia-
bility, and as between the defendants Warren is simply
surety for the others. The debt is really owing by the defend-
ants Curry and Steele.  Will a court of equity permit the
plaintiff to reach this obligation of the Currys and Steele by
which they became primarily liable for this debt, or by
denying him such relief compel him to lose his $2500,
because of the insolvency of Warren?  It seems to be very
well established that where one person agrees with another
to be primarily liable for a debt owing by that other to a
third person, so that as between the parties to the agreement
the first is the principal and the second becomes the surety,
the creditor is entitled in equity to be substituted in his
place for the purpose of compelling the party who thus
becomes principal to pay the debt.  In other words, equity
will reach out and secure the fund and apply it where it

should ultimately go. This question was elaborately discussed in the case of *Keller* v. *Ashford,* 133 U. S. 610. In that case the grantee in a deed assumed the payment of a mortgage upon real estate sold to him. The mortgage was subsequently foreclosed against the real estate, but it did not bring a sufficient amount to discharge the same. Thereafter the holder of the mortgage brought a suit in equity against the grantee to recover the deficit upon the ground that he had assumed to pay the same in the agreement made by him with the original debtor, and the court sustained the right to recover in equity. The authorities upon the question are reviewed in that case, and the conclusion seems to be sustained with practical uniformity. Similar holdings were made in the cases of *Willard* v. *Wood,* 135 U. S. 309, and *Second National Bank* v. *Grand Lodge,* 98 U. S. 123. Another case discussing and applying the doctrine is that of *Goodyear Shoe Machinery Company* v. *Rancel,* decided by the United States Circuit Court of Appeals, reported in 119 Federal 692. In that case the assignee of a patent agreed to pay to the assignor thereof the sum of $5000 a year as an annuity. By agreement the Goodyear Company assumed all the obligations of the assignee under this contract, and the court held that the assignor of the patent had a right to maintain a suit in equity against the Goodyear Company to recover the $5000 a year provided to be paid by his contract with the assignee. We do not think there is much doubt about this right.

We are, therefore, of the opinion that the court erred in sustaining the demurrer to the plaintiff's bill, and our order will reverse the decree complained of, overrule the demurrer, and remand the cause for further proper proceedings.

*Reversed; Demurrer overruled; Remanded.*