No. 19-0888 – *Klein v. McCullough*

Armstead, Justice, concurring, joined by Justice Wooton:

I concur with the majority's decision reversing the circuit court's order based on its conclusion that "[a] clause in a deed giving a stranger a right of first refusal is neither a reservation nor an exception to the granting clause of the deed. Hence, the clause may not be considered void under the 'stranger to the deed' rule expressed in Syllabus Point 3 of *Erwin v. Bethlehem Steel Corp.*, 134 W. Va. 900, 62 S.E.2d 337 (1950)." However, as explained below, I disagree with the majority's suggestion that this Court may have been impelled to abolish the "stranger to the deed" rule altogether if the parties had properly raised this argument.

As noted in the majority opinion, West Virginia has historically observed the "stranger to the deed" rule. *See Jolynne Corp. v. Michels*, 191 W. Va. 406, 414, 446 S.E.2d 494, 503 (1994); *Erwin v. Bethlehem Steel Corp.*, 134 W. Va. 900, 62 S.E.2d 337 (1950); *Collins v. Stalnaker*, 131 W. Va. 543, 48 S.E.2d 430 (1948); *Beckley Nat. Exchange Bank v. Lilly*, 116 W. Va. 608, 182 S.E. 767 (1935); *Freudenberger Oil Co. v. Simmons*, 79 W. Va. 46, 90 S.E. 815 (1916).

While the majority opinion states that a number of jurisdictions have abandoned the "stranger to the deed" rule, one treatise examining this issue has concluded that "the prevailing view still appears to be that a reservation or exception of an easement

1

may operate only in favor of the grantor." Jon W. Bruce and James W. Ely, Jr., *The Law of Easements & Licenses in Land*, § 3:9 (2021).[1]

The main rationale underlying this "prevailing view" is that the "stranger to the deed" rule promotes certainty in land titles and provides protection for bona fide purchasers. *Id.* This rationale was explained by one court outside of our jurisdiction as follows:

> The long-accepted rule in this State holds that a deed with a reservation or exception by the grantor in favor of a third party, a so-called "stranger to the deed", does not create a valid interest in favor of that third party. Plaintiff invites us to abandon this rule and adopt the minority view which would recognize an interest reserved or excepted in favor of a stranger to the deed, if such was the clearly discernible intent of the grantor.
>
> Although application of the stranger-to-the-deed rule may, at times, frustrate a grantor's intent, any such frustration can readily be avoided by the direct conveyance of an easement of record from the grantor to the third party. The overriding considerations of the public policy favoring certainty in title to real property, both to protect bona fide purchasers and to avoid conflicts of ownership, which may engender needless litigation, persuade us to decline to depart from our settled rule.

*Estate of Thomson v. Wade*, 509 N.E.2d 309, 310 (N.Y.1987) (citations and internal quotation omitted).

---

[1] *See Baltic Inv. Co. v. Perkins*, 475 F.2d 964, 966 (D.C. Cir. 1973); *Davis v. Gowen*, 360 P.2d 403, 406 (Idaho 1961); *Brady Fluid Service, Inc. v. Jordan*, 972 P.2d 787, 790-791 (Kan. App. 1998); *Tripp v. Huff*, 606 A.2d 792, 793 (Me. 1992); *United States Invention Corp. v. Betts*, 495 S.W.3d 20, 25 (Tex. App. 2016), *review denied*, (Sept. 2, 2016).

I agree with this rationale and find that the policy considerations underlying the "stranger to the deed" rule, promoting certainty in title to real property and providing protection to bona fide purchasers, would weigh heavily in favor of rejecting any argument that this Court should abandon our long-standing adherence to the "stranger to the deed" rule.

Accordingly, I concur in the Court's decision reversing the circuit court's ruling, but I disagree with the majority's suggestion that this Court may have been impelled to abolish the "stranger to a deed" rule if the parties had properly raised this argument. I am authorized to state that Justice Wooton joins me in this concurring opinion.