**David Lloyd TRIPP**

v.

**A. Kenneth HUFF, et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 18, 1992.

Decided April 22, 1992.

Harry B. Center, Smith & Elliott, Saco, for plaintiff.

Michelle M. Robert, Keith R. Jacques, Anne Jordan, Jensen, Baird, Gardner & Henry, Biddeford, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Plaintiff David Lloyd Tripp appeals the judgment of the Superior Court (York County, *Fritzsche, J.*) entered in favor of defendants A. Kenneth Huff, Alfred Barlow and Joane Ouellette Barlow, in Tripp's action for a declaratory judgment to establish the existence of a right of way over defendants' property and for injunctive relief. Finding no merit in Tripp's arguments that he is entitled to such a right of way, we affirm.

Tripp is the owner of a 20–acre piece of property in Saco, which is set back about 3,000 feet from the Jenkins Road. His property is one half of a 40–acre parcel that was conveyed to Nicholas and Jeremiah Hearne by Captain Ichabod Jordan in March 1833, and on November 2, 1863 was divided so that Jeremiah Hearne got sole ownership of the northerly half of the 40–acre property, the land now owned by Tripp, and Nicholas Hearne got sole ownership of the southerly half of the property.

Huff and Barlow own parcels of land that are situated between Tripp's parcel and the Jenkins Road. They derive title to their property from a conveyance on November 4, 1863 from Nicholas Hearne to James and William Andrews. That conveyance transferred one half of the 40–acre parcel Nicholas formerly owned with Jeremiah, together with property that was con-

veyed to Nicholas as sole owner by Captain Jordan in 1830.

Tripp commenced the present action claiming a right of way over the southwest portion of Huff and Barlow's property. Tripp contends that he is entitled to that right of way by virtue of an express easement as well as by easements of necessity and implication. He sought a declaration as to the extent of that right of way and an injunction preventing defendants from interfering with his claimed way. Following a jury waived trial, the Superior Court entered judgment for Huff and Barlow. Tripp appealed.

■ Dealing first with the express right of way, Tripp claims that the deed of November 4, 1863 from Nicholas Hearne to James and William Andrews establishes an intention by Nicholas Hearne to provide Jeremiah Hearne, a predecessor in title, with a means of access to an otherwise landlocked parcel. The language in the deed to the Andrews, on which Tripp relies, is as follows: "saving and accepting a way for Jeremiah Hearne and assigns to his lot lying back of and adjoining the above." Tripp acknowledges that the reservation of a right of way in favor of Jeremiah is an easement in favor of a stranger and that under our existing case law such an easement conveyed no property rights to Tripp's predecessor in title. *See Fitanides v. Holman*, 310 A.2d 65, 67 (Me.1973). He argues, however, that our rule on reservations to a stranger in title is archaic and should now be abandoned by this court. We are unpersuaded that there is any compelling reason to depart from this well settled rule and thus decline to do so. As we have said on a prior occasion:

> Stare decisis must operate with plenary force in the law of real property to maintain the certainty and predictability which Courts, traditionally have made the benchmark of this area of jurisprudence and upon which, accordingly, the public has been induced to place strong reliance. We depart, therefore, from a real property policy long avowed by us, and still followed by the great majority

of other Courts, only when the most compelling of reasons demand change.

*Brown v. Heirs of Maria Fuller*, 347 A.2d 127, 130 (Me.1975) (citation omitted).

■ Dealing next with the easements by necessity and by implication, the Superior Court held that Tripp failed to prove the existence of an easement by necessity or to an easement by implication across defendants' land because the requisite unity of title did not exist when the Hearnes divided their jointly owned parcel. We find the Superior Court's conclusion in this regard to be well supported in fact and in law. Because at the time Nicholas Hearne and Jeremiah Hearne divided the jointly owned 40–acre parcel Nicholas Hearne was the sole owner of the Huff and Barlow property, over which Tripp now claims a right of way, there was no unity of title as to the properties, and the Superior Court properly held that Tripp's claim to an easement by necessity and implication must fail. *See What Constitutes Unity of Title or Ownership Sufficient for Creation of an Easement by Implication or Way of Necessity*, 94 A.L.R.3d 502, 505–6 (1979).

The entry is:

Judgment affirmed.

All concurring.