STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-00-48

LEO P. DUPREY, *et al.*,

Plaintiffs

v.

**JUDGMENT**

PHYLLIS M. CRESS, *et al.*,

Defendants and
Third-Party Plaintiffs

v.

ROBILLARD TRUCKING CO., INC.,

Third-Party Defendant

This matter came on for trial to the court without a jury on the plaintiffs' multi-count complaint, and defendant Cress's multi-count counterclaim and third-party claim against Robillard Trucking. The court has considered all the testimonial and other evidence which was presented, along with the oral and written arguments of counsel. After a brief factual background, the court will consider the individual counts of the pleadings below.

### Background

Defendant Phyllis Cress has lived on the Mutton Lane Road in Clinton since 1970. At first, she lived in an older house set back off the end of a driveway. Later, in about 1972, she moved into a converted garage located on the other side of the driveway and closer to the road. The original house and the converted garage shared the same driveway until the older house more recently was lost or destroyed. The property at issue was owned by her companion and co-parent, Hubert Hartley, until his

death in 1984. In 1988, the executors and personal representatives of Hubert Hartley's estate deeded the property on which the converted garage is located to defendant Cress and her two children. This transfer did not include the driveway which had serviced the converted garage and earlier house. The ownership of the property adjacent to the Cress homestead, which includes the driveway, eventually came to Robillard Trucking, Inc. which in turn sold the property to the plaintiffs. As part of the purchase and sale agreement and deed for this sale, Robillard purported to reserve an easement over the driveway area for the benefit of defendant Cress. Cress was not a party to the sale, gave nothing for the purported easement and gave no sign of accepting such interest in the property. Relations between the neighbors -- Cress and Duprey -- then deteriorated with mutual claims of trespass, a complaint by the defendant for protection from harassment, etc. Finally, the plaintiffs brought the present action to determine ownership and property lines for the property involved, along with claims for trespass, malicious prosecution and other requested remedies.

## Plaintiffs' Complaint

## Count I Declaratory Judgment

In Count I, the plaintiffs seek a declaration by the court as to their property rights vis-à-vis the land surrounding the Cress homestead. After considering all of the evidence, and particularly the testimony and survey of Gregory Carey, the court is satisfied that the legal boundaries separating the Cress property from that of the Dupreys and Mr. Bickford are as set forth in Mr. Carey's survey which is plaintiffs' exhibit 14. These property lines form a parallelogram with one side along Mutton Lane Road, and do not include the graveled driveway mentioned above or areas outside of these boundary lines which Ms. Cress has kept mowed.

Having determined the existence of deeded property lines and their location on the face of the earth, the court must also consider whether defendant Cress has acquired either title or a lesser interest in any of the adjoining property through other action of the law or equity.

First, the attempt by Robillard to deed Cress an easement for access over the driveway as part of its deed to Duprey/Bickford must fail as a matter of law as a reservation to a stranger-in-title. *Tripp v. Huff*, 606 A.2d 792, 793 (Me. 1992).

Second, Cress argues that even if she does not hold title or easement right to the property in question by deed, she should receive title or interest as the result of continuous use of the property, whether that title is described as by adverse possession, prescription or acquiescence.

The elements to establish statutory acquisition of rights-of-way or easements by adverse possession are set forth in 14 M.R.S.A. § 812. The elements for common law title by adverse possession are set forth in detail in *Striefel v. Charles-Keyt-Leaman*, 99 ME 111, 733 A.2d 984. With regard to the driveway, it is not surprising that both the plaintiffs and defendants and their predecessors-in-interest have continued to use the driveway area for access to their respective properties since the driveway originally served both the house and garage located on the same property. Cress simply continued to use the driveway in the same way it had been used since 1972. However, this use was not exclusive and was not for the necessary 20-year period.[1] Therefore, the claim of adverse possession must fail with regard to property outside of the deeded property lines.

---

[1] Cress's claimed adverse interest would exceed 20 years only if she were allowed to "tack" on the previous period of adverse interest when the property was owned by Hubert Hartley. Such tacking is allowed so long as privity exists between the parties. *Glidden v. Belden*, 684 A.2d 1306, 1317 (Me. 1996); *Gutcheon v. Becton*, 585 A.2d 818, 822 (Me. 1991). However, the silence in Cress's deed from the Hartley estate with regard to this adverse interest fails to provide the necessary proof of privity.

With regard to Cress's claim of a prescriptive easement over the driveway, she has shown use under a claim of right adverse to the owner with his knowledge and acquiescence, but again, not for the necessary 20-year period. (*See* footnote 1).

Cress's also claims title by acquiescence. *Dowley v. Morency,* 737 A.2d 1061, 1067 (Me. 1999). Of the four elements to establish title by acquiescence, which Cress must prove by clear and convincing evidence, Cress failed to prove either possession up to a visible line marked clearly by monuments, fences or the like, or acquiescence by the landowner. Neither the edge of the graveldriveway – which is easily expanded – nor the mere cutting of grass is sufficient to establish the necessary line. Although there was acquiescence of the landowner, it was acquiescence to use rather than to take title.

Since defendant Cress has failed to prove her theories of ownership of or other right to property outside of the deeded property lines, the declaration of the boundary remains as set forth in the Carey survey.

## Count II: Damages for Trespass

The plaintiffs' second count seeks damages for Cress's trespass on their property. In this regard, even though the court has found that Cress's continued use of the property adjacent to her own was not sufficient to establish rights of ownership or use, it was historically with the acquiescence of the owners of the property and cannot be considered a trespass.

## Count III: Infliction of Emotional Distress

The Dupreys also claim that Ms. Cress has intentionally inflicted on them emotional distress for which they are entitled to damages in tort. Our Law Court has recognized an independent tort for infliction of emotional distress, but usually in circumstances so shocking that they evoke immediate and serious reaction on the part of the observer/victim. Undoubtedly the protracted land dispute between the parties

did result in frayed nerves, particularly with regard to the complaint for protection from harassment. However, the court still does not find distress of the immediacy and severity necessary to justify judgment or damages on this tort theory.

## Count IV: Malicious Prosecution

The plaintiffs' last claim is that Cress was guilty of malicious prosecution when she filed a complaint for protection from harassment. In order to prevail, the plaintiffs must show there was no probable cause to believe that the claim was viable and that it was filed with malice. In this case, Cress had hired an attorney to review the situation and draft the pleadings, which would normally defeat findings of no probable cause and malice if all the facts reported to the attorney were accurate. The record does not show what Cress told her attorney and the mere fact that the Dupreys prevailed in District Court does not mean that the complaint was entirely without merit. *Bickford v. Lantay*, 394 A.2d 281 (Me. 1978).

## Defendants' Counterclaims

Many of the defendants' counterclaims have already been discussed above. The court has already declared the extent and location of the boundary between the properties (count I) and the failures of Ms. Cress's claim of title by adverse possession or acquiescence or a prescriptive easement (counts II and III). Count IV of the counterclaim seeks damages for "betterments and waste" with regard to any use by the defendant of the plaintiffs' property. Cutting the grass does not constitute a betterment or waste and the driveway was in existence serving all the property even before defendants' property was parceled out. The only betterments which the court could conceive of would be the addition of gravel to the driveway by Cress, and the value of that betterment, if any, was not proved.

## Attorney's Fees

Although suggested by the plaintiffs, the court sees no basis upon which to award any attorney's fees to any of the parties.

The entry will be:

(1)     Count I – judgment for the plaintiffs and the legal boundaries between plaintiffs' and defendants' property are established and found on the face of the earth as set forth in the deeds and survey admitted as plaintiffs' exhibit 14.

(2)     Judgment for the defendants on counts II through IV of the complaint.

(3)     Judgment for the plaintiffs on the defendants' counterclaim.

(4)     Judgment for defendant Robillard Trucking, Inc. on third-party plaintiff Cress's crossclaim.

Dated: January 28, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __10/31/00__ __Kennebec__ Docket No. __RE00-48__
County

Action __Real Estate__

# J. STUDSTRUP
(3rd party deft.)

~~Rebecca A. Cayford, Esq.~~
~~288 Water Street~~
~~PO Box 827~~
~~Skowhegan, Maine 04976-0827~~

__Leo P., Marsha A. Duprey & Russell S.__ vs. __Phyllis M. f/k/a Lombard & James K. Cress__

Plaintiff's Attorney                              Bickford, Jr.    Defendant's Attorney

Alton C. Stevens, Esq.
44 Elm Street
PO Box 708
Waterville, Maine 04903-0708

~~Ronald L. Bishop, Esq.~~
~~PO Box 34, 99 Abbott Street~~
~~Waterville, Maine 04903~~
Louis J. Shiro, Esq.   (Cresses)
86 Silver Street
PO Box 706
Waterville, Maine  04903-0706
-John Frankenfield Esq.
 PO Box 97
 Skowhegan Maine  04976

| Date of Entry | |
|---|---|
| 10/31/00 | Complaint(Title to Real Estate is Involved), filed. s/Stevens, Esq. Case File Notice mailed to atty. Original Summonses with return service made upon Phyllis and James Cress on 10/16/00, filed. |
| 11/7/00 | Answer and Counterclaim, filed.  s/R. Bishop, Esq. |
| 11/8/00 | SCHEDULING ORDER, Studstrup, J. "Scheduling Order filed.  Discovery deadline is July 8, 2001." Copies mailed to attys of record. |
| 11/17/00 | Plaintiffs' Reply to Defendants' Counterclaim, filed. s/Stevens, Esq. |
| 12/1/00 | Notification of Discovery Service, filed. s/Stevens, Esq. Plaintiff's Request for Production of Documents from Defendants served on Ronald L. Bishop, Esq. on 11/30/00 |
| 1/5/01 | Motion to Withdraw as Counsel,  filed.  s/R. Bishop, Esq. (no objection) |
| 1/9/01 | MOTION TO WITHDRAW, Studstrup, J. Motion granted and Mr. Bishop granted leave to withdraw.  Entry of substitute counsel to be made within 20 days or defendants will be considered pro se. Copies mailed to attys of record. |
| 1/10/01 | Letter from attorney Stevens regarding withdrawal, filed. |
| 1/24/01 | Letter entering appearance, filed. s/Shiro, Esq. |
| 2/9/01 | Motion to Extend Deadline by Which Plaintiffs May Designate Expert Witnesses (Title to Real Estate Involved), filed. s/Stevens, Esq. Proposed Order, filed. |
| 2/15/01 | Defendants' Memorandum in Opposition to Plaintiffs' Motion to Extend Deadline to Designate Experts, filed. s/Shiro, Esq. Motion to Disqualify Plaintiffs' Counsel and Incorporated Memorandum of Law, filed. s/Shiro, Esq.  s/Phyllis Cress Affidavit of Phyllis M. Cress, filed. s/Phyllis Cress Notice of Motion, filed. s/Shiro, Esq. |